IRENE SCHWARTZ ET AL. *v.* TOWN PLAN AND ZONING COMMISSION FOR THE TOWN OF HAMDEN ET AL.

MELINDA DANIELS ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF HAMDEN ET AL.

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued October 15, 1974—decision released February 25, 1975

*James H. Shulman* and *Douglas R. Daniels,* with whom was *David Kotkin,* for the appellants (plaintiffs) in each case.

*Dennis N. Garvey* and *John H. Anderson,* assistant town attorney, with whom, on the brief, were *John E. Lee* and *Robert W. Garvey,* for the appellees (defendants) in each case.

BOGDANSKI, J. These two appeals concern an amendment of the zoning regulations of the town of Hamden by the defendant planning and zoning commission. The plaintiffs herein are the same parties who appealed from the decision of the defendant commission approving and adopting street lines for a new town highway in Hamden called the east-west connector. *Schwartz* v. *Hamden,* 168 Conn. 8, 357 A.2d 488. As in those cases, the trial court dismissed the appeals. From the judgments rendered and after the granting of certification, the plaintiffs filed a joint appeal to this court, assigning error in the conclusions of the trial court.

After proper legal notice, the defendant commission held a public hearing on March 17, 1970, concerning the adoption of certain amendments to the zoning regulations of the town of Hamden. Those amendments purported to create three new shopping center districts and were subsequently adopted by the unanimous vote of the commission members. At the time of their adoption the new districts, designated regional, community, and neighborhood shopping center districts, did not affect any particular area or property within the town. Before those new districts could be applied to any land within the town, an applicant would have to petition the commission for a change of zone. The trial court concluded that the newly created shopping center districts were "floating zones." "A floating zone is a special detailed use district of undetermined location in which the proposed kind, size and form of structures must be preapproved. It is legislatively predeemed compatible with the area in which it eventually locates if specified standards are met and the particular application is not unreasonable. *Chatham Corporation* v. *Beltram,* 243 Md. 138, 149, 220 A.2d 589; 2 Anderson, American Law of Zoning § 12.11. It differs from the traditional 'Euclidean' zone in that it has no defined boundaries and is said to 'float' over the entire area where it may eventually be established. *Bigenho* v. *County Council,* 248 Md. 386, 391, 237 A.2d 53." *Sheridan* v. *Planning Board,* 159 Conn. 1, 16, 266 A.2d 396. The legality of this type of zoning, when properly applied, has been recognized by this court. *Lurie* v. *Planning & Zoning Commission,* 160 Conn. 295, 278 A.2d 799 (Westport design development district); *Sheridan* v. *Planning Board,* supra (Stamford industrial park district);

*Hawkes* v. *Town Plan & Zoning Commission,* 156 Conn. 207, 240 A.2d 914 (Farmington restricted apartment zone); *Dooley* v. *Town Plan & Zoning Commission,* 154 Conn. 470, 226 A.2d 509 (Fairfield residence district); *Miss Porter's School, Inc.* v. *Town Plan & Zoning Commission,* 151 Conn. 425, 198 A.2d 707 (Farmington restricted apartment zone); *Luery* v. *Zoning Board,* 150 Conn. 136, 187 A.2d 247 (Stamford designed commercial district); *DeMeo* v. *Zoning Commission,* 148 Conn. 68, 167 A.2d 454 (Bridgeport garden apartment zone).

The trial court sustained the commission's action on all issues raised by the plaintiffs. The ruling that was dispositive of the appeals, however, concerned the issue of aggrievement. The trial court concluded that the plaintiffs were not aggrieved by the action of the commission because their appeals were filed before any particular property or area in the town had been designated as a shopping center district. That decision was based on *Sheridan* v. *Planning Board,* supra, where we held (p. 12) that: "as a matter of law, there can be no aggrievement when the zoning regulations of a municipality are amended in such a way that no particular area or property is affected."

The plaintiffs concede that their appeals were filed before the new shopping center districts had affected any particular area or property. They argue, however, that the trial court's interpretation of *Sheridan* means that judicial review is obtainable only after the floating zone has settled; that such review is limited to questioning the application of the zone to particular property; and that there can be no review of the validity of the amendments which created the zone. The plaintiffs con-

tend that this denies them effective judicial review of the commission's action in amending the zoning regulations and, in effect, deprives them of due process of law.

The due process clause of the fourteenth amendment requires an opportunity for a hearing at a meaningful time and in a meaningful manner appropriate to the nature of the case. *Boddie* v. *Connecticut,* 401 U.S. 371, 378, 91 S. Ct. 780, 28 L. Ed. 2d 113. That opportunity was afforded in this case when the commission held its public hearing on March 17, 1970, after proper legal notice. The plaintiffs attended that hearing, argued against the adoption of the amendments, and raised numerous procedural objections. Moreover, the root requirement of due process is "that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Boddie* v. *Connecticut,* supra, 379. In this case, the plaintiffs have not been deprived of any property interest. The statutes adequately protect the plaintiffs in the event that their property interests are later threatened by the application of the floating zone to land within the town. Before the floating zone can "descend," an application must be made for a change of zone and a public hearing must be held. General Statutes § 8-3. If the zone change is granted and the plaintiffs are aggrieved, they may appeal the granting of the zone change to the Court of Common Pleas. General Statutes §§ 8-8, 8-9.

There is no constitutional right to judicial review of the action of a planning or zoning agency. Such review exists only under statutory authority. *Schwartz* v. *Hamden,* 168 Conn. 8, 10,

357 A.2d 488; *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 191, 319 A.2d 393; *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 560, 290 A.2d 348; *Sheridan* v. *Planning Board,* 159 Conn. 1, 10, 266 A.2d 396; *Long* v. *Zoning Commission,* 133 Conn. 248, 252, 50 A.2d 172. Under § 8-8 of the General Statutes, aggrievement is a prerequisite to a right of appeal. "Except in cases involving the sale of alcoholic beverages, aggrievement requires a showing that the plaintiffs have a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of the community as a whole, and that the plaintiffs were specially and injuriously affected in their property or other legal rights. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 507, 242 A.2d 705; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545; *Hickey* v. *New London,* 153 Conn. 35, 37, 213 A.2d 308; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832; see 'The Connecticut Law of Zoning (Part B),' 41 Conn. B.J. 453, 485–88." *Sheridan* v. *Planning Board,* supra, 13. Since the amendment in question did not affect the plaintiffs in their property or other legal rights, they were not specially and legally injured by its adoption. *Sheridan* v. *Planning Board,* supra. In such circumstances there can be no aggrievement.

The plaintiffs' contention that the above ruling precludes judicial review when a zoning agency adopts a floating zone is incorrect. Since the creation of the floating zone is an indispensable component of the zoning authority's ability to apply it eventually to land by means of a change of zone, irregularities in the amendment or adop-

tion of zoning regulations which create a floating zone may be raised by an aggrieved person in an appeal from the change of zone if and when such change occurs. See *Sheridan* v. *Planning Board,* supra, 14–19.

The plaintiffs' argument that they have standing to appeal as resident taxpayers who are aggrieved because the new shopping center districts may involve the sale of liquor is without merit. There is no sale of liquor involved in these appeals.

There is no error.

In this opinion the other judges concurred.