EDWARD R. NICK ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF EAST HAMPTON (3778)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued November 6, 1985—decision released January 28, 1986

*Timothy S. Hollister,* with whom was *Dwight H. Merriam,* for the appellants (named plaintiff et al.).

*John L. Boccalatte,* for the appellee (defendant).

SPALLONE, J. The plaintiffs[1] are appealing from a judgment rendered after the trial court dismissed their zoning appeal. This court granted the plaintiffs' petition for certification to appeal. The dispositive issue on appeal is whether the trial court erred in finding that the plaintiffs did not possess the requisite standing to appeal the decision of the defendant, East Hampton planning and zoning commission, pursuant to the provisions of General Statutes (Rev. to 1981) § 8-8.[2]

The plaintiffs, Edward R. Nick and Paul Angelico, own real estate located in the town of East Hampton which abuts land owned by the town on which there is a building that was formerly used as a public school. After a public hearing, the defendant amended its zoning regulations to allow, after the issuance of a special permit, the conversion of municipal buildings into multifamily dwellings. The amended regulations applied to any such building existing at the time of the amendments. The plaintiffs appealed the defendant's decision, and the trial court ruled that the plaintiffs were not aggrieved, either factually or statutorily,[3] within the meaning of § 8-8.[4] We disagree.

---

[1] The underlying action was initially brought by several individuals who own real estate which either abuts or is in close proximity to the property involved in the decision of the defendant East Hampton planning and zoning commission. The issues on appeal relate only to the abutting plaintiffs.

[2] The portion of General Statutes (Rev. to 1981) § 8-8 at issue here is now codified as § 8-8 (a).

[3] The term "statutory aggrievement" is used herein to denote a party's right to appeal pursuant to General Statutes (Rev. to 1981) § 8-8, now § 8-8 (a), which is afforded to persons owning land which abuts or is within a radius of one hundred feet of land involved in a decision of a zoning authority.

[4] The record of the proceedings of the commission was returned without a transcript of the public hearing. The plaintiffs filed a request for com-

The language of General Statutes (Rev. to 1981) § 8-8 is clear and unambiguous. It provides, in pertinent part, that "[a]ny person or persons severally or jointly aggrieved by any decision of [a zoning authority] or any person owning land which abuts . . . any portion of the land involved in any decision of [such zoning authority] . . . may . . . take an appeal to the superior court . . . ."

Obviously, the statute provides that, as a matter of law, any owner of real estate whose property abuts land affected by a decision of a zoning board authority has standing to pursue an appeal. *Smith* v. *Planning & Zoning Board,* 3 Conn. App. 550, 552, 490 A.2d 539 (1985). Such individuals need not prove aggrievement independent of their status as abutters. See *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 476, 408 A.2d

pletion of the record on October 12, 1982. After a hearing, the trial court, *Edelberg, J.,* issued a memorandum of decision in which it granted the plaintiffs' request and stated that the defendant's failure to produce a recording or a transcript of the public hearing would render the action of the zoning authority voidable at the option of an aggrieved party who instituted a proper appeal of such action. The court's ruling was based upon its interpretation of General Statutes (Rev. to 1981) § 8-7a and upon the decision in *London* v. *Zoning Board of Appeals,* 150 Conn. 411, 190 A.2d 486 (1963). The court stated further that if the defendant failed to produce either a recording or a transcript of the public hearing, then, upon a proper motion by the plaintiffs and upon the court's finding that the plaintiffs were aggrieved, the appeal should be sustained.

On July 26, 1983, the plaintiffs moved to default the defendant for its failure to complete the record as requested. A hearing on the plaintiffs' motion was held at which time the trial court required the plaintiffs to demonstrate that they were aggrieved by the defendant's decision. At that hearing, the trial court ruled that the plaintiffs were not aggrieved.

Although not raised in this appeal, we note that the trial court's interpretation of the relevant statutory provision and the court's reliance on the cited case law relating to the validity of the defendant's action was erroneous. Where the record returned by the commission did not contain a complete transcript of the entire proceedings before it, a party to the appeal must be allowed to introduce evidence in addition to the contents of the record. See *Chucta* v. *Planning & Zoning Commission,* 154 Conn. 393, 396–97, 225 A.2d 822 (1967); see also General Statutes (Rev. to 1981) § 8-8 under which the present appeal was brought.

252 (1979). The statute requires only that there be land affected by a decision of the zoning authority, and that the party seeking to appeal owns property abutting that land.

The record discloses clearly that the property owned by the town, which formerly housed a public school, was discernible and was in existence prior to the change in the zoning regulations. The record also discloses that the primary purpose of the amendment was to permit the conversion of the particular school building which abuts the plaintiffs' properties, and that the school building is the only structure in the town currently available for such conversion. The status of the property was altered as a result of the change. Use of the property for a multi-family dwelling was not allowed prior to the change in the zoning regulations, but was allowed after the change.

Although the defendant argues strongly that the use authorized by the amended regulations was analagous to a "floating zone" concept, we find such a position to be totally untenable. "A floating zone is a special detailed use district of undetermined location in which the proposed kind, size and form of structures must be preapproved." *Sheridan* v. *Planning Board,* 159 Conn. 1, 16, 266 A.2d 396 (1969). Such a zone has no defined boundaries. It is conceived as floating over the entire area where it may eventually be established. Id. As no particular area or property is affected solely upon the amendment of municipal zoning regulations which establish a floating zone, there can be no aggrievement, factual or statutory, until such zone is mapped onto a particular property. See *Schwartz* v. *Town Plan & Zoning Commission,* 168 Conn. 20, 23, 357 A.2d 495 (1975); *Sheridan* v. *Planning Board,* supra.

The essence of the floating zone concept as it applies to a party's right to appeal, that no particular prop-

erty is affected by the mere establishment of such a zone, is not present here. The amendment of the regulations applies to zones which are already delineated. The property abutting the plaintiffs' properties is affected by the amendment to the zoning regulations adopted by the defendant. It is the only such parcel currently affected by the amendment which was aimed primarily at that particular parcel. The affected property is *in esse* and is readily ascertainable. The amendments permit a use of the land abutting the plaintiffs' properties which is different from that previously allowed. The suggestion that the plaintiffs cannot appeal until the planning and zoning commission takes action on a special permit sought pursuant to the amended regulations ignores this fact.

We conclude that the plaintiffs, as abutters to the land involved in the decision of the planning and zoning commission, possessed the requisite statutory aggrievement to appeal that decision and that the trial court erred in not so finding. In so concluding, we need not address the issue of whether the plaintiffs were factually aggrieved.

There is error in part, the judgment is set aside and the case is remanded with direction to find that the plaintiffs Edward R. Nick and Paul Angelico possess the requisite aggrievement to appeal, and for further proceedings as is required by law.

In this opinion the other judges concurred.