[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant has filed a motion to dismiss this appeal under sections 142 and 145 of the Connecticut Practice Book, claiming that the court does not have subject matter jurisdiction over the appeal. The defendant claims that the appeal was not taken from an appealable decision of the defendant and that it was taken beyond the time period in section 8-8 of the General Statutes.
Where no evidence is introduced on a motion to dismiss, the motion admits all well pleaded facts in the complaint, which is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217. The plaintiffs' appeal alleges that the defendant, Planning and Zoning Board of Milford [Board] granted a special permit, site plan and a special permit to conduct a regulated activity within 25 feet of an inland wetland or watercourse on January 17, 1989 to allow construction of 288 units of condominium housing on the property of the plaintiffs. The permits had a one year term, and on January 16, 1990 the plaintiffs applied to the Board pursuant to the Milford Zoning Regulations for one year extensions of the permits. The appeal also states that the Board denied the application on February 6, 1990 and that notice of the denial was published on February 9, 1990. The sheriff's return discloses that the appeal was served on the defendant Board and the city clerk on February 22, 1990. An administrative appeal is commenced when the appeal is served on the defendant. Valley Cable Vision, Inc. v. Public Utilities Commission, 175 Conn. 30, 33.
Section 8-8 (b) of the General Statutes, as amended byPublic Act 89-356, section 1, provides that "[a]ny person aggrieved by any decision of a board may take an appeal to the superior court . . . within 15 days from the date that notice of the decision was published. . . ." Since the plaintiffs brought this appeal 13 days after publication of the legal notice, the appeal was timely to the extent that it was from the Board's denial of the application for a one year extension of the permits on February 6, 1990. This is not an appeal from the original approval in January 1989.
The defendant also claims that the appeal must be dismissed because the denial of the extension is not an appealable decision. The right of appeal from an administrative agency is created by statute, and unless a statute provides for an appeal, the courts are without jurisdiction to entertain them. Tazza v. Planning and Zoning Commission, 164 Conn. 187, 190; East Side Civic Association v. Planning and Zoning Commission, 161 Conn. 558, 560; Basilicato v. Department of Department Utility Control, 197 Conn. 320, CT Page 991 322.
The parties agreed at the time of argument that the return of record could be considered on the motion to dismiss. The plaintiffs' attorney was notified by the Board's agent that the Board voted to deny the request for an extension of time for the special permit at its meeting of February 6, 1990, for three reasons: (1) no construction had commenced; (2) the developer had indicated that he no longer intended to proceed with the project; and (3) the one year period of time for initiating the special permit had expired. Under sections 7.1.3.11 and 7.2.8 any authorized site plan or special permit for which construction has not commenced or which is not put into effect within a period of one year from approval becomes null and void "unless an extension of time is applied for by the applicant and granted by the Board." This extension was what the plaintiffs requested by their application dated January 16, 1990. The application to the Board was authorized by the Board's own regulations. The Board made a decision on the request for an extension of time and published its denial of the application.
Section 8-8 (b) allows an appeal from "any decision of a board" and that statute applies to decisions from combined planning and zoning commissions. Section 8-9 C.G.S. While the defendant is a combined planning and zoning commission, its decision on both the site plan and special permit were in its capacity as a zoning commission. See sections 8-3c and8-3 (g) C.G.S. Since section 8-8 (b) allows an appeal from "any decision" of a zoning board of appeals or zoning commission, at a minimum it expressly allows an appeal from decisions of those agencies which are final decisions and which are published. The defendant's order deprived the plaintiffs of whatever benefits they obtained from initial approval of the special permit and site plan. The Board's action was also a final and not a preliminary decision on failure to renew the special permit and site plan after a formal application was filed, which eliminates any valid claim that the appeal is from a preliminary or nonbinding action of the defendant. The defendant's own regulations required the plaintiffs' application to it, by providing that the special permit and site plan were void unless the applicant applied for and was granted an extension by the Board.
The defendant's reliance upon cases such as Sendak v. Planning and Zoning Commission, 7 Conn. App. 238, 243, 244, based upon section 8-28 of the General Statutes, is misplaced. Sendak held that the decision of a planning CT Page 992 commission made in good faith to settle litigation by stipulated judgment was not "an official action or decision" of a planning commission from which an appeal could be taken under section 8-28. Section 8-28 as construed in Sendak differs from the zoning appeal statute, section 8-8, which allows appeals by "any person or persons severally or jointly aggrieved by any decision" of a zoning agency. The plaintiffs as executors of the estate which owns the property for which the special permit and site plan were approved are aggrieved persons even though they are acting in a representative capacity. Milford v. Commissioner of Motor Vehicles, 139 Conn. 677, 681. The action taken by the Board is not a preliminary or advisory action. See Schwartz v. Town Plan and Zoning Commission, 168 Conn. 20, 22-26 (no aggrievement from enactment of floating zone regulations until they are applied to specific property); East Side Civic Association v. Planning and Zoning Commission, supra, 560 (approval of a site plan by the planning section of a combined planning and zoning commission is only a preliminary or advisory action). The defendant's decision denying an extension of the special permit and site plan was clearly a final action which adversely affected the interests of the plaintiffs in their representative capacity as executors of the estate.
The motion to dismiss is denied.
ROBERT A. FULLER, JUDGE