[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Davko Inc. and Robert Kovacs, CT Page 3849 Paul Kovacs and Roger Kovacs, have filed appeals from the action of the defendant, New Milford Zoning Commission amending Article II-VI of its regulations. On September 26, 1990 the Democratic Town Committee of the Town of New Milford petitioned the Zoning Commission of the Town of New Milford to amend Article II-VI of the zoning regulations, the industrial zone section, by adding a provision that "Solid Waste Facilities" and "Recycling Facilities" as those terms are defined in Chapter 446d of the General Statutes, would be prohibited in the industrial zone.
On November 13, 1990 the Commission held a public hearing on the petition submitted to it by the town committee. The hearing was opened and closed that night. Notice of the public hearing held on November 13, 1990 was published in The New Milford Times on November 1, 1990 and November 8, 1990.
At its meeting of December 13, 1990 the Commission voted to grant the petition of the Town Committee to amend Article II-VI of the zoning regulations, the industrial zone section, by adding the following provision "As an aid in the interpretation of this section of the regulations `Solid Waste Facilities' and `Recycling Facilities' as those terms are defined in Chapter 446d of the Connecticut General Statutes are not permitted uses of land, buildings or structures." Notice of the decision of the Commission was published in The New Milford Times on December 20, 1990. On January 3, 1991 appeals were filed by all plaintiffs from the decision of the Commission.
In each case, the plaintiffs are owners of property in the Industrial Zone and are therefore aggrieved. Nick v. Planning and Zoning Commission, 6 Conn. App. 110, 114,503 A.2d 620 (1986). Accordingly, the court has jurisdiction to hear and determine the appeals. Schwartz v. Town Plan and Zoning Commission, 168 Conn. 20, 25,375 A.2d 495 (1975). The fact that the Democratic Town Committee is not a party is of no moment since the Commission is authorized to regulate property in the municipality under CT Page 3850 Section 8-2 and it in effect chose to proceed upon receipt of the proposal by the Committee. While the Committee, not being a property owner would have no standing to appear, it was not prohibited from making a request for change to the defendants.
At its meeting on December 13, 1990, the Commission voted 4-0 to amend Article II-VI to provide as follows:
 In an Industrial zone, except for residential uses, any building or premises may be used and any building may be structurally altered for any uses permitted as specified herein a business district and for wholesale businesses, offices, kennels, storage warehouses and the manufacturing, processing or assembling of goods, and subject to the site plan and landscaping plan approved by the Zoning Commission as stated in Article III. As an aid in the interpretation of this section of the regulations `solid waste facilities' and `recycling facilities' as those terms are defined in section 446d of the Connecticut General Statutes are not permitted uses of land, buildings or structures. Any use not clearly identified under the right of the zone shall require a special permit. A residence or apartment may be maintained or constructed for a caretaker or watchman of the premises and for his or her family.[1]
It is apparent from the minutes of the meeting which adopted the amendment that the Commissioners were of the belief that their action was merely a clarification and not a substantive change. Whether or not the amendment was necessary is not before the court. The question is limited to the right of the Commission to pass the amendment. "The practical construction placed over the years upon ambiguous language in legislation by those charged with its administration becomes weighty evidence of what the law is." Clark v. Town Council, 145 Conn. 476, 485,144 A.2d 327 (1985). Furthermore, "[i]t is axiomatic that courts should give deference to the construction of the ordinance by the agency charged with its enforcement." Fenn v. Planning Zoning Commission,24 Conn. App. 430, 437, 589 A.2d 3 (1991).
 The entire history of zoning legislation indicates a clear intention on the part of the CT Page 3851 General Assembly, subject to certain underlying principles to leave the solution of zoning questions to the local authority . . . That authority is endowed with a wide and liberal discretion. . . The conditions and circumstances surrounding the adoption of zoning regulations are peculiarly within the knowledge of the zoning commission. Where it appears that an honest judgment has been reasonably and fairly exercised after a full hearing, courts should be cautious about disturbing the decision of the local authority . . . Courts must not, and legally cannot, substitute their discretion for the wide and liberal discretion enjoyed by zoning agencies . . . Courts can grant relief on appeal only where the local authority has acted arbitrarily or illegally and has thus abused the discretion vested in it.
Summ v. Planning and Zoning Commission, 150 Conn. 79,89, 186 A.2d 160 (1962).
In Burnham v. Planning and Zoning Commission,189 Conn. 261, 455 A.2d 339 (1983), the supreme court in ruling that the trial court erred in sustaining the appeal, stated that:
 The present appeal, involving a decision upon an application for a change of zone, required the trial court to review a decision made by the commission in its legislative capacity. In such circumstances, it is not the function of the court to retry the case. Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record. The credibility of the witnesses and the determination of issues of fact are matters solely within the province of the agency. The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached. (Emphasis added.)
Id., 265 citing Calandro v. Zoning Commission,176 Conn. 439, 440, 408 A.2d 229 (1979).
The Burnham court continued, stating that: CT Page 3852
 We have said on many occasions that courts cannot substitute their judgment for the wide and liberal discretion vested in local zoning authorities when they have acted within their prescribed legislative powers. Courts must not disturb the decision of a zoning commission unless the party aggrieved by that decision establishes that the commission acted arbitrarily or illegally.
Burnham, supra, 266 citing First Hartford Realty Corp. v. Town Plan and Zoning Commission, 165 Conn. 533,540-41, 388 A.2d 490 (1973).
In Beacon Falls v. Posick, 212 Conn. 570, the Supreme Court, in its review of issues very similar to those raised in this appeal clearly enunciated that the authority of a local zoning commission to regulate and/or prohibit solid waste facilities and recycling facilities has not been preempted by the State of Connecticut Id. 578-81.
The court stated that:
 Because the statutory terms are clear, we must assume that the legislature intended only to preempt local zoning authority to the extent that it conflicted with the operation of a CRRA facility on property owned by the CRRA prior to May 11, 1984, and we cannot construe the act otherwise.
Id, 579.
For the foregoing reasons, the court finds that the Commission did not act illegally, arbitrarily or in abuse of the discretion vested in it by adopting an amendment to its regulations designed to clarify the uses permitted in the industrial zone and therefore the appeals of the plaintiffs are dismissed.
PICKETT, JUDGE
ENDNOTE