[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS OF CT Page 10281 DEFENDANT SMM ASSOCIATES
On August 7, 1992, the plaintiffs appealed from a decision of the defendant, City Council of the City of Norwich, hereinafter the "city council," the zoning authority in Norwich, to amend Section 15.1.4 of the zoning ordinance of the City of Norwich hereinafter the "code". Prior to the amendment, this section of the code required one parking space for every three hundred square feet of floor space above the first floor for any retail store of at least 20,000 square feet. The amendment, in essence, exempted from the parking space requirement floor space above the first floor used for storage, mechanical rooms or non-sales purposes if such space is less than four percent of the total gross floor area of all floors.
Pending at the time of the amendment was an application by the defendant in this appeal, SMM Associates, hereinafter SMM, to build a supermarket on a parcel of property in Norwich. Before the amendment was passed, SMM had applied for a variance from the original parking space requirements because the development as designed did not provide for a sufficient number of spaces. The amendment reduces the number of spaces required for a retail building such as SMM's and thus SMM no longer needs the variance to build its supermarket project.
Pursuant to General Statutes Section 8-8(j), SMM filed a motion to dismiss the plaintiffs' appeal on two grounds: (1) the plaintiffs did not properly plead that they are aggrieved by the decision of the city council; and (2) the appeal is defective because the plaintiffs did not give a recognizance bond to the city council as required by General Statutes Section 8-8(h).
A. Aggrievement
Aggrievement is a prerequisite to the right of appeal from action of a planning or zoning agency. Schwartz v. Town Plan and Zoning Commission for Town of Hamden,168 Conn. 20, 25, 357 A.2d 495 (1975). "The burden of demonstrating aggrievement rests with the plaintiff." Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297, CT Page 10282 301, 605 A.2d 885 (1992).
General Statutes Section 8-8(a) provides in pertinent part:
 Any person. . .owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of [a local zoning board]. . .may, . . .take any appeal to the superior court. . . .
For an appellant to be statutorily aggrieved, "[t]he statute requires only that there be land affected by the decision of the zoning authority, and that the party seeking to appeal owns property abutting that land." Zoning Board of Appeals v. Planning Zoning Commission, supra, 302.
Here, the plaintiffs allege that they "own property that abuts and is within 100 feet radius from a site that will be impacted" by the amendment to the zoning ordinances. (Complaint, paragraph 3.) The plaintiffs did not offer any proof in the hearing on the motion to dismiss that either owns property which abuts a site affected by the amendment. However, the plaintiffs have asked the Court to take judicial notice of a site plan appeal pending in the Superior Court (before Judge Purtill) under the caption Johnna L. Howard, et al v. Commission on the City Plan of City of Norwich and SMM Associates c/o Boylston Properties, D.N. CV-92-0100190S, hereinafter the "site plan appeal". That case is an appeal by these plaintiffs of the defendant agency's decision to approve SMM's site plan and coastal area management permit application for the same land that is the subject of the instant appeal. "A court has the power to take judicial notice of the file in another case pending in that court." State v. Bunkley, 202 Conn. 629, 648, 522 A.2d 795 (1987). Further, an administrative appeal is confined to the record except that if facts necessary to establish aggrievement are not shown in the record, proof limited thereto may be taken by the court. Blaker v. Planning Zoning Commission,219 Conn. 139, 146, 592 A.2d 155 (1991).
A review of the court file and return of record in the site plan appeal shows that the plaintiffs are owners of land abutting the land involved in this appeal. CT Page 10283
The plaintiff, Nancy Santacroce, submitted a deed at a hearing in the site plan appeal which shows that she is the owner of a parcel of land which abuts the subject property.
The site plan and other maps submitted with the defendant SMM's application show the boundaries and configurations of the parcels abutting the proposed development. A notation on the site plan and maps identifies abutting parcels as owned by both plaintiffs. Such identifying notations commonly mean that the party noted on the plan or map is the owner of the parcel at the time the plan or map was prepared. In fact, the site plan and maps were revised on January 13, 1992 in response to a city agency's request that the defendant SMM "identify the correct names of abutting property owners on all sheets." (Return of Record, site plan appeal, ex. 19). The defendant SMM revised its site plan and maps to include the correct names of the abutting property owners. (Return of Record, site plan appeal, ex. 35). As the court has taken judicial notice of the site plan appeal, there is sufficient evidence to find that both plaintiffs are abutters to the affected property and thus are statutorily aggrieved.
The defendant also argues that the decision from which the plaintiffs appeal does not affect a specific site and thus the plaintiffs cannot be aggrieved. Rather, the defendant argues that the plaintiffs' injury is merely speculation.
The defendant's argument is contrary to the case law pertaining to zoning ordinance amendments. In Nick v. Planning Zoning Commission, 6 Conn. App. 110, 114,503 A.2d 620 (1986), the court found that abutting owners were statutorily aggrieved for purposes of an appeal from an amendment to the zoning ordinances which allowed any vacant municipal building in the city to be converted to multi-family use upon the granting of a special permit. The appellant owned property abutting a parcel of land on which there was a vacant municipal building. In that case, the court found that the appellant's property was affected by the amendment. "The suggestion that the plaintiff cannot appeal until the planning and zoning commission takes action on the special permit sought pursuant to the amended regulations CT Page 10284 ignores this fact." Id. Also significant to the court was that although the amendment was applicable town-wide, it was directed at the particular piece of property abutting the appellant's property. Id.
The instant case is factually similar to Nick, supra. Here, the appellants own property abutting a parcel on which a building which benefits from the amendment may be built. There is evidence on the record which suggests that the amendment was in fact directed at this development. Therefore, for the purposes of this motion, the plaintiffs have met their burden of showing that the land is affected by the decision of the city council and therefore the plaintiffs are statutorily aggrieved by the decision.
B. Recognizance Bonds
General Statutes Section 8-8(h) provides, in pertinent part, that:
 The authority issuing a citation in the appeal shall take from the appellant, unless the appellant is an official of the municipality, a bond or recognizance to the board with surety to prosecute the appeal to effect and comply with the orders and decrees of the court.
In this case, the plaintiffs' recognizance ran to the Commission on the City Plan of the City of Norwich instead of the defendant city council which passed the amendment.
On October 21, 1992, pursuant to General Statutes Section 52-128 and Practice Book Section 176(c),[1] the plaintiffs moved for leave to amend the recognizance to substitute the proper parties. The defendant argues that since it raised the issue of the defect in its motion to dismiss before the plaintiffs moved to amend, the amendment should be denied and the appeal dismissed. The defendant cites Village Creek Homeowners Association v. Public Utilities Commission, 148 Conn. 336, 340, 170 A.2d 732
(1961), in support of that proposition. This case is distinguished from Village Creek, supra, because the defect CT Page 10285 in Village Creek, supra, was the omission of the entire citation. "A proper citation is essential to the validity of the appeal and the jurisdiction of the court." Id., 339. On the other hand, "the plaintiff's failure to provide a proper bond or recognizance [is] a serious irregularity [but does] not destroy the jurisdiction of the court over the subject matter of the action." Sheehan v. Zoning Commission,173 Conn. 408, 410-11, 378 A.2d 519 (1977). Here, the plaintiffs are attempting to tender a bond in favor of the appropriate city agency and party to the action; this is not a case where no bond was offered.
The circumstantial defect in the original recognizance does not deprive the court of jurisdiction over the subject matter of the appeal. Further, it is within the court's discretion to allow the recognizance to be amended to correct a mistake in the naming of the agency to which the recognizance is given. "Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure." Sheehan v. Zoning Commission, supra, 412.
For the foregoing reasons, the motion to dismiss is denied.
Teller, J.