[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Ella B. Ryder and Philip G. Zink as trustees under the will of Ralph Ryder (hereinafter "the plaintiffs"), have brought this appeal from a decision of the Planning and Zoning Board of the City of Milford (hereinafter "the Board").
Subsequent to the bringing of this appeal, one of the plaintiffs, Ella B. Ryder, died and she has been substituted by the executor of her estate, Robert J. Engelman.
This appeal stems from a denial by the Board of a request from the plaintiffs to extend the time for the commencement of work resulting from the Board having previously granted a special permit for a site plan approval and a special permit to conduct a regulated activity within 25 feet of an inland wetland/watercourse with respect to the construction of 288 units of condominium CT Page 3412 housing upon the subject property. The property consists of some 20 acres of land lying to the rear of 1377 Boston Post Road and fronting on Rose's Mill Road within the City of Milford.
The special permit referred to was granted to the plaintiffs at a meeting of the Board held on January 17, 1989. On January 16, 1990, the plaintiffs applied to the Board for an extension of said permit. At a meeting held on February 6, 1990, the request for an extension was denied and from that denial the plaintiffs have taken this appeal.
At the meeting held February 6, 1990, plaintiffs' attorney was denied an opportunity to be heard prior to the Board rendering its decision.
The plaintiffs contend that by denying their application that the Board acted illegally, arbitrarily and in abuse of its discretion in that (a) none of the reasons stated for denying their application for an extension was a valid basis for exercising the Board's discretion and their denial was, accordingly, arbitrary and void; and (b) the denial of an opportunity for plaintiffs' counsel to address the Board in response to the statements of its chairman constituted a denial of due process in violation of the Constitutions of the State of Connecticut and the United States.
The verbatim minutes (see Return of Record item 1c) are incomplete and fail to disclose any reasons for the Board's decision. An examination of the official minutes (Return of Record item 1C) are somewhat confusing in that the reasons given in the Motion to Approve, which did not prevail, appeared to be the reasons for the denial (Return of Record item E). The official minutes disclose that a motion was made to approve the extension and the reasons given for approval are given as
"1. No construction has commenced.
 2. The developer has stated that he no longer intends to go ahead with the Riverbend Condominium Project.
 3. That the one year period of time for initiating the special permit has expired."
The Record of Record item E is a letter from the Executive CT Page 3413 Secretary of the Planning and Zoning Board. I gives the following reasons for the Board's denial:
 "At its meeting held 2/6/90 the Planning and Zoning Board voted to deny the request for an extension of time . . . for the following reasons:
1. No construction has commenced.
 2. The developer stated that he no longer intends to go ahead with the Riverbend Condominium Project.
 3. That a one year period of time for initiating the special permit has expired."
In view of the condition of the record and its obvious discrepancies, the plaintiff, Robert J. Engelman as Executor of the Estate of Ella B. Ryder, and the defendant have stipulated to the introduction of an affidavit by Engelman stipulating to the facts contained therein which maybe considered by the court in addition to the record.
The affidavit indicates that the statements attributed to Mr. Barnes at the February 6, 1990 meeting of the Board were in fact made by the Chairman, Mr. Norman, in opposition to Barnes' Motion to Approve. In addition, Norman is the author of the statements relating to the developer abandoning the project as well as the remarks that the Board should refuse to grant any extension for a permit that was granted by a predecessor Board made up of a different membership. Furthermore, the affidavit confirms that Mr. Engelman was refused an opportunity to address the Board.
The issue before the court whether the reasons indicated in the letter of notice from the Executive Secretary of the Board to the plaintiffs denying the extensions are valid reasons for the denial and, secondly, whether the plaintiffs have been denied due process.
The court finds that, while the record is somewhat limiting, it nevertheless, coupled with the stipulation and affidavit, contains sufficient information for it to proceed.
As to the reasons given for the denial of the extension, the CT Page 3414 court finds them to be without merit. The first reason given is that construction has not commenced. Had construction been under way, there would have been no need for the extension. Nevertheless, while no buildings have been erected, it is apparent on the record that a great deal of preliminary work had commenced, such as engineering, and cite work. Secondly, that the developer stated that he no longer intends to go ahead with the project. The permit as granted did not run to the developer but rather to Milford Investment Corporation. The permit as granted was to Milford Investment Corporation on behalf of and for the benefit of the plaintiff owners. The permits run with the land and inure to the benefit of anyone having a vested interest in the land. Thirdly, the Board gives as a reason for its denial the claim that at the time of the hearing the permit had expired. While the one year period of time had elapsed, the permit had not expired in lieu of the plaintiffs having filed an application for an extension of the permit prior to its lapsing. The permit itself was granted on January 17, 1989. See Supplement Record item 1(b). The request for a one year extension of the permit was received by the Board on January 16, 1990. See item b of Return of Record.
The plaintiffs further contend that they have been deprived of due process as a result of Attorney Engelman being deprived of an opportunity to address the Board the evening that the request for an extension of the permit was on agenda of the Board meeting. It was stipulated to by the parties that Attorney Engelman was not permitted to address the Board at that meeting.
"The due process clause of the Fourteenth amendment requires an opportunity for a hearing at a meaningful time and in a meaningful manner appropriate to the nature of the case. Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 2 L.Ed.2d 118", Schwartz v. Town Plan Zoning Commission, 168 Conn. 20, 24. "Moreover, the root requirement of due process is `that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.'" Boddie v. Connecticut, supra, 379; Schwartz v. Town Plan Zoning Commission, supra, 24. The granting of the special permit constitutes a substantial property interest and the deprivation of that interest without a proper hearing is in violation of the plaintiffs' due process rights.
The court finds the actions of the Board to be arbitrary and illegal. The matter is remanded and the Board directed to conduct a hearing with the prerequisite notice. CT Page 3415
Judgment may enter accordingly.
By the Court Curran, J.