[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a zoning appeal pursuant to General Statutes § 8-8, seeking to vacate a September 7, 1993 decision of the Wilton Planning Zoning Commission ["Commission"] which granted the application of defendant TCR of New Canaan II., Inc. ["TCR"] to amend certain regulations regarding Center Residence Apartment (CRA-10) multi-family residential zones in order to provide Affordable Housing under General Statutes § 8-26 et seq. In his complaint, dated September 30, 1993, the plaintiff, Robert Anacreon, alleges that when the Commission granted TCR's s application to amend §§ 29-26C(1)(b), 29-47 and 29-79 of the CRA-10 zone regulations and add § 29-44.4 to such regulations, it acted illegally, arbitrarily, capriciously and in abuse of discretion because: the decision was not supported by the record; the Commission failed to adequately address potential traffic problems; the Commission failed to give adequate consideration to topographical limitations of the site; and the Commission failed to publish legally adequate notice. The plaintiff alleges that he is aggrieved by the Commission's decision to approve the amendments because he owns property abutting a parcel of land which was recently rezoned to CRA-10 and is therefore subject to the amended regulations.
On November 19, 1993, the defendants filed a motion to dismiss the appeal on the ground that the plaintiff cannot be aggrieved by the Commission's decision as a matter of law and this court therefore lacks subject matter jurisdiction. In support of their motion, the defendants submitted the following: a February, 1993 application by TCR; the affidavit of Jerry Juretus regarding CRA-10 parcels in Wilton; the Commission's July 6, 1993 resolution approving the zone change of the lot adjacent to plaintiff's CT Page 4310 property from commercial to CRA-10; the Commission's July 6, 1993 resolution approving a comprehensive plan submitted by TCR; the Commission's July 6, 1993 resolution denying TCR's original proposal to amend the CRA-10 regulations; the July 10, 1993 notice of the three resolutions in the Norwalk Hour; TCR's resubmitted proposal, including the cover latter and redlined copy of the amended regulations; notices of the August 16, 1993 hearing regarding the resubmitted proposal; relevant meeting schedules and agendas and public hearing agendas; the Commission's September 7, 1993 resolution granting the resubmitted proposal to amend the CRA-10 regulations; and the September 15, 1993 notice of such resolution in the Wilton Bulletin.
On December 8, 1993 the plaintiff submitted a memorandum of law in opposition to the defendant's motion. Arguments were heard at the short calendar on December 13, 1993. At the request of this court, Dean, J., both parties submitted supplemental briefs on the issue of whether the challenged zoning amendments had the effect of increasing the density of proposed buildings in terms of the number of bedrooms permitted. The plaintiff also submitted a reply brief to the defendants' supplemental brief.
The defendants argue that the Commission's action on September 7, 1993[1] amended the text of the zoning regulations in a way that did not affect abutting property owners, as such amendments "did not change the permitted uses, dimensional requirements, or any other physical characteristics of construction in the CRA-10 zone; they only altered the rules regarding bedroom and interior floor area of units, and setting [sic] aside units as `affordable housing' . . ." (Motion to Dismiss, pp. 102) The defendants further argue that the amendments to the regulations are solely interior changes and do not affect any abutting or identifiable properties because such amendments will not come into play unless a developer makes an application for a special permit and site plan pursuant to the new rules. The defendant claims that the new amendments create a "floating zone" which does not affect any particular area or property, so there can be no aggrievement as a matter of law until an application is made under the new regulations.
In response, the plaintiff argues that the amendments did not create a "floating zone," and that such amendments affect the plaintiff because they increase the "people density" in buildings on CRA-10 parcels. The plaintiff points out that only two bedroom apartments were permitted before the amendments, but units may now have three bedrooms if an apartment is designated as Affordable CT Page 4311 Housing. The plaintiff also claims that the amendments permit as many as half of the total units to be three-bedroom apartments, while the number of two-bedroom apartments was limited to twelve per acre under the prior regulation. Finally, the plaintiff claims that the amendments permit the average floor area of residential apartments to be increased from 1,200 square feet to 1,500 square feet.
The defendants do not dispute plaintiff's claim that the amendments permit more bedrooms in apartments designated as Affordable Housing or that the maximum floor area is increased in such cases, but they maintain that the same number of units per acre are allowed and that there is still the same site coverage, building height, setbacks and maximum lot size. The defendants claim that since maximum lot coverage cannot increase, the amendments per se do not create an offsite impact. Finally, the defendants claim that whether the increase in number of bedrooms will result in more people is speculative at best.
In order to establish subject matter jurisdiction over an administrative appeal, a plaintiff must plead and prove aggrievement. Hughs v. Town Planning Zoning Commission,156 Conn. 505, 507, 242 A.2d 705 (1968). To show aggrievement, a party must demonstrate a specific, personal, and legal interest in the subject matter of the decision, as distinguished from a general interest, and must establish that this specific, personal, and legal interest has been specially and injuriously affected by the decision. Winchester Woods Association v. Planning and ZoningCommission, 219 Conn. 303, 307, 592 A.2d 953 (1991). "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected." (Citations and internal quotation marks omitted.)Paucatuck Eastern Pequot Indians v. Indian Affairs Council,18 Conn. App. 4, 8, 555 A.2d 1003 (1989). "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning andZoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987); General Statutes § 8-8(a)(1).
The plaintiff alleges that he owns property abutting a parcel of land which is designated as CRA-10 zone, the zone affected by the amended regulations. However, as noted above, the defendants argue that since the amendments create a "floating zone," there can CT Page 4312 be no statutory aggrievement as a matter of law.
 "A floating zone is a special detailed use district of undermined location in which the proposed kind, size and form of structures must be preapproved. It is legislatively predeemed compatible with the area in which it eventually locates if specific standards are met and the particular application is not unreasonable. . . It differs from the traditional "Euclidian' zone in that it has no defined boundaries and is said to `float' over the entire area where it may eventually be established."
Homart Develop. Co. v. Planning Zoning Commission, 26 Conn. App. 212,214-15, 600 A.2d 13 (1991), quoting Sheridan v. PlanningBoard, 159 Conn. 1, 16, 266 A.2d 396 (1968). "`[W]hen a zoning board grants an application requesting it to apply a floating zone to a particular property, it alters the zone boundaries of the area by carving a new zone out of any existing area.'" (Citations omitted; emphasis in original.) Homart Develop. Co. v. Planning Zoning Commission, supra, 215. "As no particular area or property is affected solely upon the amendment of municipal zoning regulations which establish a floating zone, there can be no aggrievement, factual or statutory, until such zone is mapped onto a particular property." Nick v. Planning Zoning Commission ofEast Hampton, 6 Conn. App. 110, 113, 503 A.2d 620 (1986). "[A]n application to apply a floating zone to a particular property . . . is a request for a zone change." Homart Devel. Co. v. Planning Zoning Commission, supra.
The amendments to the CRA-10 regulations did not create a floating zone. As the defendants point out in the memorandum of law accompanying their motion to dismiss, the amendments will come into play when a developer makes an application for a site plan or special permit. See Wilton Code § 29-44.4. "In Nick v. Planning Zoning Commission of East Hampton, [supra], the Appellate Court held that landowners with property abutting town land on which a zone change allowed the construction of multi-family dwellings with the issuance of a special permit had standing to appeal the zone change prior to the granting of the special permit." Indian R.Association v. North Branford Planning, 7 CSCR 632, 634 (May 11, 1992, Berger, J.). Furthermore, in the instant case, the affidavit of Jerry Juretus, submitted in support of the defendants' motion to dismiss, indicates that there are five parcels of land in Wilton which are wholly or partially within a CRA-10 district. As in Nick, "`[t]he essence of the floating zone concept as it applies to CT Page 4313 a party's right to appeal, that no particular property is affected by the mere establishment of such a zone, is not present here.'" (Citations omitted.) TCR New Canaan v. Planning ZoningCommission, 6 Conn. L. Rptr. 91, 108 n. 12 (April 5, 1992, Berger, J.) (since the Affordable Housing amendments could only affect two parcels of land in Trumbull, not a floating zone).
Section 29-26C of the Wilton Code covers the CRA-10 district. Subsection (b) of this section, which is one of the challenged amendments, lists as a permitted use:
 Residence apartments, provided that there shall be no more than two (2) bedrooms in any unit and no more than twelve (12) bedrooms per acre, with the exception that in a Housing Opportunity Development, no unit shall contain more than three (3) bedrooms, and no more than fifty percent (50%) of the total number of units in the development shall contain more than two (2) bedrooms.
The former subsection (b) permitted "residence apartments, provided that there shall be no more than two (2) bedrooms in any unit and no more than twelve (12) bedrooms per acre." Section 29-44B of the regulations is also a challenged amendment. The amended version provides in relevant part that the average floor area of residence apartments in the CRA-10 districts "shall not exceed one thousand two hundred (1,200) square feet with the exception that the average floor area of residence apartments in a Housing Opportunity "Development located in a CRA-10 zone shall not exceed one thousand five hundred (1,500) square feet." The former § 29-44B simply limited the square footage to 1,200 feet.
Even if the amended regulations permit the same number of units per acre, they permit such units to be larger and to contain more bedrooms. Under the amended regulations, there is a possibility that more people would live in the CRA-10 developments. Therefore, the abutting property owners are affected by the changes to the regulations. Since the plaintiff owns land abutting one of five parcels in Wilton which is designated CRA-10, he has sufficiently alleged that he is aggrieved by the Commission's decision approving such amendments. Accordingly, the defendants motion to dismiss is denied.
DEAN, J. CT Page 4314