[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, the Stamford Ridgeway Associates, has moved (#102) to dismiss this appeal by the plaintiffs, Linda F. Molnar et al, from a decision of the Stamford Zoning Board approving this defendant's application for the creation of a new zone in Stamford entitled Community Shopping Center District-Designed (CSC-D). This is a so-called "floating zone," the enactment of which does not CT Page 9206 permit an appeal, on the theory that until such zone "lands" on a particular piece of property no one can be aggrieved, either classically or statutorily. General Statutes § 8-8(a)(1).Sheridan v. Stamford, 159 Conn. 1, 16-17, 266 A.2d 396 (1969) andSchwartz v. Town Planning and Zoning Commission, 168 Conn. 20, 23-24,357 A.2d 495 (1975). "`A floating zone is a special detailed use district of undetermined location in which the proposed kind, size, and form of structures must be preapproved. It is legislatively predeemed compatible with the area in which it eventually locates if specified standards are met and the particular application is not unreasonable. . .'" Homart Dev. Co. v.Planning Zoning Commission, 26 Conn. App. 212, 214, 600 A.2d 13
(1991).
In opposing the motion to dismiss, the plaintiffs rely on Nickv. Planning and Zoning Commission, 6 Conn. App. 110, 503 A.2d 620
(1986). It should be noted that Stamford Ridgeway Associates concede that the only possible location where the new zone could "land" is its property, the Ridgeway Shopping Center, on Bedford Street in Stamford. However, they also point out that such zone has not yet been applied to the subject premises. Plaintiffs' reliance on Nick v. Planning Zoning Commission is misplaced. TheNick case involved the enactment of a special permit allowing conversion of municipal buildings into multifamily dwellings, which causes "[t]he status of the property (to be) altered as the result of the change." Id., 113. In this case, the status of the subject premises was not changed as the result of the enactment of the new CSC-D zone. Additionally, "[t]he special exception is the product of administrative action, while the floating zone is the product of legislative action. . . Further, if a landowner meets the conditions set forth for a special exception, the board is bound to grant one, but in the case of a floating zone discretion is maintained and additional limitations may be imposed — more control is retained by the zoning board because it is acting legislatively." Homart Dev.Co. v. Planning Zoning Commission, supra, 26 Conn. App. 215-16. The fact that the Ridgeway Shopping Center is the only location where the floating zone could land, does not require that the Planning Zoning Commission ultimately approve its landing — as it would be compelled to do under a special exception if the standards are met. Therefore, until the floating zone lands, the plaintiffs are not aggrieved, and their appeal is dismissed.
So ordered.
Dated at Stamford, Connecticut, this 14th day of September CT Page 9207 14, 1994.
WILLIAM BURKE LEWIS, JUDGE