[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: AGGRIEVEMENT
On March 25 and 26, 1996, this court conducted an aggrievement hearing for this administrative zoning appeal, and this court must now decide whether the plaintiffs are aggrieved CT Page 4041 parties.[1] The issues in this appeal center around two pieces of property. The plaintiff, Morehouse Hills Developers, Inc., is a contract purchaser of a landlocked parcel of property in Milford, Connecticut, known as the "Bowhunter" property. This property is zoned light industrial and is surrounded on three sides by the Housatonic River, the Merritt Parkway and the Milford Parkway. The only means of ingress and egress is by an easement over property known as Lexington Green. The Lexington Green property is residential and was created pursuant to the Planned Residential Development (PRD) zoning regulations of the City of Milford. The plaintiffs have taken this appeal to challenge the deletion of the a PRD regulations by the City of Milford Planning Zoning Board.
The gravamen of the plaintiffs' argument is that they have been aggrieved by the Board's decision to amend the PRD regulations; this decision effectively deleted the PRD regulations as to any prospective use. As such, the plaintiffs are arguing that they are aggrieved by the decision of the Board because Lexington Green PRD, over which it has an easement for the use of the Bowhunter property, has now become a nonconforming use. The plaintiff appears to be arguing that because the Lexington Green PRD has become "nonconforming" by the decision of the Board, the Bowhunter property abuts property that has been affected by the decision of the Board. (Plaintiff's Post Hearing Brief, pp. 9-10.) In addition, it appears that the plaintiffs are arguing that this new nonconforming status of Lexington Green injuriously affects an interest of theirs — the easement.
Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). The presence of aggrievement is an issue of fact to be determined by the trial court on appeal; Primerica v. Planning ZoningCommission, 211 Conn. 85, 93, 558 A.2d 646 (1989); and the plaintiff has the burden of proving aggrievement. United CableTelevision Services Corp. v. Dept. of Public Utility Control,235 Conn. 334, 343, 663 A.2d 1011 (1995).
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal. . . . It is [therefore] fundamental that, in order to have standing to bring an administrative appeal, a person must be aggrieved. . . . Standing [however] is not a technical rule intended to keep aggrieved parties out of court; CT Page 4042 nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted.) UnitedCable Television Services Corp. v. Dept. of Public UtilityControl, supra, 235 Conn. 342.
Aggrievement implicates the plaintiffs' standing to appeal, and represents the first issue the court must address. McNally v.Zoning Commission, 225 Conn. 1, 5-6, 621 A.2d 279 (1993). Aggrievement may be established in one of two ways: statutorily or factually. Cole v. Planning Zoning Commission, 30 Conn. App. 511,515, 620 A.2d 1324 (1993); Nick v. Planning ZoningCommission, 6 Conn. App. 110, 111, 503 A.2d 620 (1986).
The first type of aggrievement, pursuant to General Statutes § 8-8 (a)(1), is statutory aggrievement. An aggrieved person "is a person who is aggrieved by the decision of a board . . . ." General Statutes § 8-8 (a)(1). A "board" is defined as "a municipal zoning commission, planning commission, combined planning and zoning commission, zoning board of appeals or other board or commission . . . ." General Statutes § 8-8 (a)(2). General Statutes § 8-8 (a)(1) defines aggrieved person to include "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
The court finds that the plaintiffs have not proven that aggrievement exists pursuant to General Statutes § 8-8
(a)(1). "[T]he statute provides that, as a matter of law, any owner of real estate whose property abuts land affected by the decision of a zoning board authority has standing to pursue an appeal. Such individuals need not prove aggrievement independent of their status as abutters. The statute requires only that there be land affected by a decision of the zoning authority, and that the party seeking to appeal owns property abutting that land." (Citation omitted; emphasis added.) Nick v. Planning ZoningCommission, supra, 6 Conn. App. 112-13. The Connecticut Appellate Court, in Nick v. Planning Zoning Commission, supra, 114, stated that "[t]he property abutting the plaintiff's properties is affected by the amendment to the zoning regulations adopted by the defendant. . . . The amendments permit a use of the land abutting the plaintiff's property which is different from that previously allowed." (Emphasis added.) Therefore, the term CT Page 4043 "affected" means that the decision of the zoning authority must permit or prohibit a use different from that previously allowed. In fact, "affect" is defined as "to produce a material influence upon or alteration in"; Webster's Ninth New Collegiate Dictionary (1987); and is also defined as "to act upon; influence; change; enlarge or abridge". Black's Law Dictionary (6th Ed. 1991).
The court finds that the plaintiffs are not abutters of landaffected by the decision of the Planning Zoning Board of the City of Milford because the plaintiffs have not proven that the preexisting uses at the Lexington Green PRD have been enlarged or abridged. The deletion of the PRD provisions in the zoning regulations do not permit or prohibit a "use of the land abutting the [plaintiffs'] property which is different from that previously allowed." (Emphasis added.) Nick v. Planning ZoningCommission, supra, 6 Conn. App. 114. The amendment to the PRD regulations, § 5.8.1(2), provides that PRDs approved by the Planning and Zoning Board on or before the effective date of this amendment . . . shall continue to be administered and governed in accordance with [the previous PRD regulations] and with the conditions of approval of said PRD." After considering the testimony at the aggrievement hearing, the court finds that there has been no change in the use of the Lexington Green PRD. The preexisting uses on the Lexington Green PRD have not been altered as a result of the deletion of the PRD regulations for prospective PRDs. Therefore, the court finds that the decision of the Board does not affect property abutting that of the plaintiffs.
The second type of aggrievement is factual or classical aggrievement. "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of thedecision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations omitted; emphasis added; internal quotation marks omitted.) United CableTelevision Services Corp. v. Dept. of Public Utility Control,
supra, 235 Conn. 342-43: see also Walls v. Planning ZoningCommission, 176 Conn. 475, 477-78, 408 A.2d 252 (1979).
The court finds that the plaintiffs also do not satisfy the CT Page 4044 classical or factual aggrievement test. The court finds that the only specific personal and legal interest that the plaintiffs could arguably claim to have in the "subject matter of the decision" of the Board would be their easement over the Lexington Green PRD. The court, however, does not find that the Lexington Green PRD was the "subject matter" of the Board's decision when it deleted the PRD provisions. Lexington Green was not targeted by the amendment and has not been altered in any manner. The plaintiffs do not meet the first prong of the classical aggrievement test.
Assuming, arguendo, that the plaintiffs have a "legal interest in the subject matter of the decision" of the Board (to meet the first prong), the court finds that the plaintiffs do not meet the second prong of the classical aggrievement test; the plaintiffs have not proven that a specific personal and legal interest has been injuriously affected by the decision of the Board when it deleted the PRD regulations. "It is a well established principle that mere generalizations and fears. . . do not establish aggrievement." Walls v. Planning ZoningCommission, supra, 176 Conn. 478. As the court noted above, the amendment to the PRD regulations did not in any way affect the permitted or prohibited uses at the Lexington Green PRD; the easement over Lexington Green is intact. The decision of the Board does not affect the plaintiffs easement over Lexington Green. After careful consideration of the testimony elicited at the aggrievement hearing, the court finds that the status quo remains at the Lexington Green PRD.
Accordingly, the plaintiffs' appeal is dismissed for lack of subject matter jurisdiction as no aggrievement exists.[2]
In addition, the claims of the plaintiffs intervening pursuant to General Statutes § 22a-19 are also dismissed as the underlying administrative appeal has been dismissed for lack of subject matter jurisdiction. See Elsenboss v. BrookfieldZoning Commission, Superior Court, judicial district of Danbury at Danbury, Docket No. 315462 (April 7, 1995, Stodolink, J.);Grieco v. Redding Zoning Commission, Superior Court, judicial district of Danbury at Danbury, Docket No. 306827 (July, 4, 1994, Mihalakos, J.).
MANCINI, J.