ZONING BOARD OF APPEALS OF THE TOWN OF WALLING-
FORD ET AL. *v.* PLANNING AND ZONING COMMISSION
OF THE TOWN OF WALLINGFORD
(9738)

DALY, LAVERY and LANDAU, Js.

Argued December 11, 1991—decision released April 7, 1992

*Priscilla C. Mulvaney,* with whom was *John K. Knott, Jr.,* for the appellant (named defendant).

*Vincent T. McManus, Jr.,* for the appellees (plaintiffs).

LANDAU, J. The named defendant,[1] the Wallingford planning and zoning commission (commission), appeals from the judgment of the trial court sustaining the appeal of, inter alios, the named plaintiff, the Wallingford zoning board of appeals (board), and declaring invalid and unlawful an amendment to § 9.1.H.2 of the town of Wallingford zoning regulations. On appeal to this court, the commission claims that (1) the board was without standing to challenge the amendment because it was not an aggrieved party, (2) the trial court ignored relevant precedent in concluding that the amendment improperly eliminated the authority of the board to grant use variances, and (3) the trial court improperly substituted its judgment for that of the commission. We affirm the judgment of the trial court.

The following facts are undisputed. On September 11, 1989, the commission, pursuant to General Statutes § 8-6 (3),[2] amended § 9.1.H.2 of the Wallingford zon-

---

[1] The remaining defendants include Pasquale Piscatelli, chairman of the planning and zoning commission and Richard Fitzsimmons, secretary of the planning and zoning commission. The remaining plaintiffs are property owners who claimed to have been affected by the commission's actions.

[2] General Statutes § 8-6 provides in relevant part: "The zoning board of appeals shall have the following powers and duties . . . (3) to determine and vary the application of the zoning bylaws, ordinances or regulations in harmony with their general purpose and intent and with due consideration for conserving the public health, safety, convenience, welfare and property values solely with respect to a parcel of land where, owing to conditions especially affecting such parcel but not affecting generally the district in

ing regulations to restrict the board's power to grant use variances within the town. The board appealed that decision to the Superior Court, pursuant to General Statutes § 8-8.[3] On March 12, 1990, the commission further amended the regulation at issue, thereby rendering the appeal moot.[4] The board then appealed to the Superior Court from the adoption of the second amendment.

The trial court found that the effect of the amendment was to preclude the board from granting use variances in specific zones unless the failure to grant the variance would amount to an unconstitutional taking of property without just compensation. The trial court further found that (1) the board had standing to take the appeal because it was statutorily aggrieved and aggrieved in a public sense, and (2) the amendment was a wholesale destruction of the board's right to grant use variances. The trial court concluded that, in enacting the amendment, the commission acted beyond its power and, thus, it sustained the board's appeal and declared the amendment to be invalid and unlawful.

I

The commission first claims that the board lacked standing to challenge the amendment to § 9.1.H.2 of

which it is situated, a literal enforcement of such bylaws, ordinances or regulations would result in exceptional difficulty or unusual hardship so that substantial justice will be done and the public safety and welfare secured, *provided that the zoning regulations may specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed. . . .*" (Emphasis added.)

[3] General Statutes § 8-8 (b) provides in relevant part: "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located. . . ."

[4] The amended version of § 9.1.H.2 (c) of the Wallingford zoning regulations provides: "Notwithstanding the provisions in the preceding, the Zoning Board of Appeals may grant a use variance in any zone upon a showing by the applicant that he cannot reasonably use his property for any of the uses permitted in the zone in which his property is located and that denial of a variance under such circumstances would constitute an unconstitutional taking of the property without compensation as such taking is defined by the laws of the State of Connecticut and the United States."

the regulations because it was not aggrieved. We agree with the trial court's conclusion, but for a different reason. In its memorandum of decision, the trial court adopted the memorandum of decision in *Board of Zoning Appeals* v. *Planning & Zoning Commission,* Superior Court in the judicial district of New Haven, Docket No. 195250 (January 29, 1982), in which the court, *Joseph W. Bogdanski,* state trial referee, concluded that the plaintiff had been both statutorily aggrieved and aggrieved in a public sense because it was the proper party to protect the public interest. We conclude that the board in this case was classically aggrieved.

The issue of standing implicates this court's subject matter jurisdiction. *Middletown* v. *Hartford Electric Light Co.,* 192 Conn. 591, 595, 473 A.2d 787 (1984). "The 'fundamental aspect of standing . . . [is that] it *focuses on the party* seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated.' *Flast* v. *Cohen,* 392 U.S. 83, 99, 88 S. Ct. 1942, 20 L. Ed. 2d 947 [1968]." (Emphasis added.) *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 485, 338 A.2d 497 (1973). We acknowledge that a justiciable controversy exists in this case, but address the question of whether the plaintiff suffered the requisite aggrievement.

The jurisdictional requirement of aggrievement serves both practical and functional purposes in assuring that only those parties with genuine and legitimate interests are afforded an opportunity to appeal. *Merrimac Associates, Inc.* v. *DiSesa,* 180 Conn. 511, 516, 429 A.2d 967 (1980). Aggrievement falls within two broad categories, classical and statutory. The factors involved in whether classical aggrievement exists are tempered by the subject matter of the litigation. A party has been classically aggrieved if it successfully demonstrates a specific, personal and legal interest in the subject matter of the decision, as distinguished from

a general interest, such as the concern of all members of the community as a whole, and successfully establishes that this specific, personal and legal interest has been specially and injuriously affected by the decision. *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 47, 478 A.2d 601 (1984); *Hall* v. *Planning Commission,* 181 Conn. 442, 444, 435 A.2d 975 (1980); *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 477–78, 408 A.2d 252 (1979); see *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 491–93, 400 A.2d 726 (1978). Statutory aggrievement exists by legislative fiat, which grants appellants standing by virtue of a particular legislation, rather than by judicial analysis of the particular facts of the case. *Weill* v. *Lieberman,* 195 Conn. 123, 124–25, 486 A.2d 634 (1985); *Pierce* v. *Zoning Board of Appeals,* 7 Conn. App. 632, 635–36, 509 A.2d 1085 (1986); see *Buchholz's Appeal from Probate,* 9 Conn. App. 413, 415, 519 A.2d 615 (1987).

The burden of demonstrating aggrievement rests with the plaintiff. *Hickey* v. *New London,* 153 Conn. 35, 37, 213 A.2d 308 (1965). The question of aggrievement is one of fact to be determined by the trial court. *Glendenning* v. *Conservation Commission,* 12 Conn. App. 47, 50, 529 A.2d 727, cert. denied, 205 Conn. 802, 531 A.2d 936 (1987). We will reverse the trial court only if its conclusions are clearly erroneous and violate law, logic, or reason or are inconsistent with the subordinate facts. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* supra.

In this case, statutory aggrievement is conferred on "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8 (a) (1). Thus, pursuant to § 8-8 (a) (1), a person may derive standing to appeal based solely on his status as an abutting landowner or as a landowner within one hundred feet of the subject property. *Nick* v. *Planning & Zoning Commission,* 6 Conn. App. 110, 112, 503

A.2d 620 (1986). The statute requires only that there be land affected by the decision of the zoning authority, and that the party seeking to appeal owns property abutting that land. Id., 113.

Here, there is no particular piece of property affected by the decision nor does the plaintiff own any property that abuts or is within a radius of one hundred feet of any portion of the land involved. Thus, the plaintiff cannot rely on General Statutes § 8-8 (a) (1) to claim aggrievement. Moreover, it is irrelevant that one member of the board owns land in a statutory zone of aggrievement, because it is the board as a separate entity that is claiming aggrievement, not the members of the board in their individual capacity. See *Munhall* v. *Inland Wetlands Commission*, 221 Conn. 46, 51, 602 A.2d 566 (1992). *Nick* v. *Planning & Zoning Commission*, supra, clearly states that the *party seeking to appeal* must own the property abutting the land. The party seeking to appeal here is the board. The board owns no land, and thus does not fall within the scope of § 8-8 (a) (1). We conclude that the board was not statutorily aggrieved.

Because aggrievement includes persons who are not aggrieved by virtue of their status as abutting landowners or landowners within one hundred feet; *Tazza* v. *Planning & Zoning Commission*, 164 Conn. 187, 190, 319 A.2d 393 (1972); the persons interested in the subject matter of the board's complaint are not limited to those who are statutorily aggrieved. *Pierce* v. *Zoning Board of Appeals*, supra, 636–37. Those individuals who have an interest in the subject matter and have been classically aggrieved still have standing to challenge the amendment.

The board has been classically aggrieved. The board has a specific, personal and legal interest in the subject matter of the commission's amendment—the right

to grant use variances within the town. Moreover, this specific, personal and legal interest was specially and injuriously affected by the decision. See *Hall* v. *Planning Commission,* supra; *Walls* v. *Planning & Zoning Commission,* supra. General Statutes § 8-6 (3) confers on the board the power and duty to "determine and vary the application of the zoning bylaws" and confers on the commission the right to "specify the extent to which uses shall not be permitted by variance in districts in which such uses are not otherwise allowed." General Statutes § 8-6 "grants broad powers to the zoning board of appeals and limits those powers only when the zoning commission passes a regulation explicitly *limiting* the issuance of variances." (Emphasis added.) *Stillman* v. *Zoning Board of Appeals,* 25 Conn. App. 631, 634–35, 596 A.2d 1, cert. denied, 220 Conn. 923, 598 A.2d 365 (1991). The commission has not been vested with either the authority wholly to eliminate the board or the authority to change the standard on which the board may grant use variances.

As a result of the commission's amendment, the board was wholly deprived of its statutorily guaranteed right to grant use variances where a literal enforcement of the regulations would result in exceptional difficulty or unusual hardship. See General Statutes § 8-6 (3). Under the terms of the amendment, the board would be authorized to grant requested use variances only where failure to do so would "constitute an unconstitutional taking of the property without compensation as such taking as defined by the laws of the State of Connecticut and the United States." Zoning regulations of the town of Wallingford § 9.1.H.2 (c), as amended. Clearly the board has a personal, specific and legal interest in the subject matter of its own jurisdiction to act. The legislation granting in one agency the power to limit the jurisdiction of another created a classical aggrievement situation when the agency that

was subjected to the limitations finds its jurisdiction subject to a complete and wholesale destruction. We conclude that the plaintiff was classically aggrieved, and, thus, had proper standing to challenge the present amendment.

## II

The commission's second claim is that the trial court ignored relevant precedent in concluding that the commission had acted beyond its statutory power and in concluding that the amendment was invalid and unlawful. Specifically, the commission argues that the reasoning underlying the trial court's conclusion was impliedly overruled in *Beacon Falls* v. *Posick,* 212 Conn. 570, 563 A.2d 285 (1989), and *Lizotte* v. *Conservation Commission,* 216 Conn. 320, 579 A.2d 1044 (1990). The commission argues that these cases held that the right to regulate includes the right to prohibit, and, thus, that the commission did not act beyond its statutory power in eliminating the board's right to grant use variances where exceptional difficulty or unusual hardship would result. We disagree with the commission.

Although the Supreme Court has stated that " 'the power to regulate . . . does not *necessarily* imply the power to prohibit absolutely any business or trade' (emphasis added); *Blue Sky Bar, Inc.* v. *Stratford,* 203 Conn. 14, 20, 523 A.2d 467 (1987); this does not preclude the power of prohibition. Cf. *Yaworski* v. *Canterbury,* 21 Conn. Sup. 347, 350, 154 A.2d 758 (1959)." *Beacon Falls* v. *Posick,* supra, 582. *Beacon Falls* resolves the conflict regarding when the power to regulate includes the power to prohibit. Under the rationale of *Beacon Falls,* when a statute authorizes a municipality to regulate a certain activity, a prohibition of that activity will be valid only if the prohibition is rationally related to the protection of the commu-

nity's public health, safety and general welfare. *Beacon Falls* v. *Posick,* supra, 583; see also *Lizotte* v. *Conservation Commission,* supra, 334; *Cadoux* v. *Planning & Zoning Commission,* 162 Conn. 425, 428–29, 294 A.2d 582, cert. denied, 408 U.S. 924, 92 S. Ct. 2496, 33 L. Ed. 2d 335 (1972).

Here, the record amply reveals the purpose for enacting the amendment. The commission enacted the legislation in an effort to curtail what it concluded was the overly generous policy of the board in granting use variances. The rationale supporting the extension of the authority to regulate to include the authority to prohibit in *Beacon Falls* and *Lizotte* does not exist in the present case. Our review of the record reveals no mention of any concerns regarding public health, safety or general welfare. The commission did not allege that the amendment was enacted for the protection of the community's public health, safety and general welfare. The trial court, thus, properly did not consider *Beacon Falls* and *Lizotte.*

### III

The commission's final claim is that the trial court improperly substituted its judgment for that of the commission when it relied exclusively on the testimony of the Wallingford town planner in ascertaining the commission's reasons for enacting the amendment to § 9.1.H.2. We disagree.

It is well established that where a zoning commission has formally stated the reasons for its decision, the court should not go beyond that official collective statement of the commission. *DeMaria* v. *Planning & Zoning Commission,* 159 Conn. 534, 541, 271 A.2d 105 (1970). In support of its conclusion that the amendment to § 9.1.H.2 was a wholesale destruction of the board's right to grant use variances, the trial court quoted the

testimony of Linda Bush, Wallingford town planner.[5] We conclude, that in quoting the testimony of the town planner in its memorandum of decision the trial court did not go "beyond that official collective statement of the commission." Id. The quoted remark relied on by the trial court was representative of the intent of the commission. There was no indication that this was the sole testimony that the trial court considered in arriving at its conclusion.

Merely referring to one piece of testimony does not indicate that the trial court ignored all other evidence. The reference to this testimony was no more than an attempt to demonstrate the intended effect in adopting the amendment. The testimony was representative of all of the evidence pertaining to the commission's reasons for enacting the amendment. The intent of the commission in enacting the amendment permeates the entire record. The commission amended the regulations because it believed that the board, in liberally granting use variances, violated their statutory regulatory authority as set forth in General Statutes § 8-6.[6] Because Bush's statement was representative of the entire record, we conclude that the trial court did not improperly rely on her testimony to the exclusion of all other testimony and did not substitute its judgment for that of the commission.

The judgment is affirmed.

In this opinion the other judges concurred.

[5] Bush testified as follows: "It will probably be a much more rapid decision only because you are not going to be able to prove a constitutional taking of property. It is highly unlikely in Wallingford that anyone could ever prove. That is very difficult to prove. So that, we would almost guarantee ourselves that, if we did, if they grant a use variance and use that loophole, and we appealed, they would lose. Because it is going to be impossible to prove a constitutional taking.

[6] See footnote 2, supra.