[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal by the plaintiffs, Peter and Eileen Jachym, from a decision of the defendant, the Planning and Zoning Commission of the Borough of Stonington (hereinafter "PZC"), to approve the site plan application of the co-defendants, James and Sarah Coker (hereinafter CT Page 11435 "applicants"). The plaintiffs are abutting property owners and the Cokers are the owners of the subject property.
FACTS
The applicants are the owners of a parcel of land in Stonington, Connecticut. (Return of Record (hereinafter "ROR"), Exh. 1). On November 21, 1991, the applicants received approval from the PZC of a site plan for the addition of a second floor to an existing garage on their property. (Pleadings, PZC's Memorandum of Law, p. 1). The existing garage had a rear yard of four feet from the edge of its footprint to the lot line. (ROR, Exh. 1). The subject property is in a "residential preservation" zoning district which requires a six foot rear yard. (Borough of Stonington Zoning Regulations (hereinafter "zoning regulations"), 6.3). Therefore, the existing garage encroached two feet into the rear yard and existed as a nonconforming structure.
Thereafter, the applicants began construction of the addition. (ROR, Exh. 8). On December 21, 1991, the applicants ceased construction of the garage in response to the plaintiff's complaints to the PZC that the added story obstructed the plaintiff's winter view of the Long Island Sound.[1] (ROR, Exh. 8).
On January 13, 1992, the applicants reapplied to the PZC for site plan approval because the original approval decision was never published. (ROR Exh. 8). The applicants and the PZC apparently felt that this omission afforded the plaintiffs a ground for appeal from the original approval. (ROR, Exh. 8).
The site plan submitted shows the addition of a second story approximately eight feet high onto the existing garage. (ROR, Exh. 3). The addition would incorporate a different roof design than the existing garage. (ROR, Exh. 3). According to the site plan, no part of the addition would encroach any further into the rear yard than does the existing structure. (ROR, Exh. 3).
On January 21, 1992, the PZC discussed the site plan application at its regular meeting. (ROR, Exh. 6). On February 18, 1992, the PZC approved the site plan. (ROR, Exh. 13) Notice of the decision was published on February CT Page 11436 27, 1992. (ROR, Exh. 16).
This appeal to the Superior Court was timely commenced by the service of process on the PZC on March 11, 1992.
The plaintiffs filed an amended appeal complaint on April 28, 1992. The plaintiffs allege in the complaint that the PZC exceeded its statutory authority and acted illegally, arbitrarily and in abuse of its discretion in approving the site plan.
On August 7, 1992, the plaintiffs filed a memorandum of law in support of their appeal styled "Trial Brief of Plaintiffs, Peter Jachym and Eileen Jachym." The plaintiffs argue that the zoning regulations prohibit the addition of the second story because it increases the existing encroachment into the rear yard. The plaintiffs argue that this conclusion is supported by the zoning regulations and by the rationale for requiring minimum yard widths. Further, the plaintiffs argue that the law favors the elimination of nonconforming structures and uses.
On September 6, 1992, the PZC filed a memorandum of law in support of its decision to approve the site plan. The PZC argues in its memorandum of law that their decision was based on a reasonable interpretation of the zoning regulations and did not offend the policy behind setbacks or eliminating nonconforming uses.
On September 10, 1992, the applicants filed a memorandum of law in opposition to the plaintiff's appeal.
On November 11, 1992, a hearing was held before this court, Hurley, J.
DISCUSSION
A. Aggrievement.
Aggrievement is a prerequisite to maintaining an appeal. Smith v. Planning Zoning Board, 203 Conn. 317,321, 524 A.2d 1128 (1987). "The burden of demonstrating aggrievement rests with the plaintiff." Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297, CT Page 11437 301, 605 A.2d 885 (1992). An administrative appeal is confined to the record except that if evidence necessary for the equitable disposition of the case is not in the record, then such evidence may be taken by the court. General Statutes 8-8(e).
General Statutes 8-8(a) provides in pertinent part:
 Any person . . . owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of [a local zoning board] . . . may, . . . take an appeal to the superior court. . . .
For an appellant to be statutorily aggrieved, "[t]he statute requires only that there be land affected by the decision of the zoning authority, and that the party seeking to appeal owns property abutting that land." Zoning Board of Appeals v. Planning Zoning Commission, supra, 302.
In the instant case, the court, Hurley, J., found aggrievement based on evidence presented at the appeal hearing on November 16, 1992 that the plaintiff is an abutting property owner.
B. Burden of proof; Scope of judicial inquiry.
The plaintiff bears the burden of proof to demonstrate that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707, 535 A.2d 799
(1988).
"Conclusions reached by [a local board] must be upheld by the trial court if they are reasonably supported by the record. . . . The question is not whether the trial court would have reached the same conclusion but whether the record before the agency supports the decision reached." Primerica v. Planning Zoning Commission, 211 Conn. 85, 96,558 A.2d 646 (1989).
 Generally, it is the function of a zoning board or commission to decide "within prescribed limits and consistent with the CT Page 11438 exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court [has] to decide whether the board correctly interpreted the section [of the regulations] and applied it with reasonable discretion to the facts." (Citations omitted).
Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its decision will not be disturbed unless it is found to be unreasonable, arbitrary or illegal." Spero v. Zoning Board of Appeals, 217 Conn. 435, 440, 586 A.2d 590
(1991).
C. The decision to approve the site plan.
In the instant case, the existing garage was a nonconforming structure as defined in 19.2 of the zoning regulations. "Such structures may be expanded, modified or altered in accordance with the following provisions. . . . For residential structures, such expansion, modification, or alteration is permitted provided that no new non-conformity or increased encroachment results, or a non-conforming use is established or expanded." Zoning Regulations, 19.2.1. A rear yard is "an open space between the building and the rear lot line . . . extending the full width of the lot." Zoning Regulations, 2.83.
The plaintiffs interpret the zoning regulations to mean that:
 "a rear or other yard "encroachment" by a structure involves a bulk or volume measurement made not only at the earth's surface but at whatever height the structure rises to. Thus, in this view, an alternation in a structure involving an intrusion into a rear yard at any height will result in an "increased encroachment" if the previous bulk or volume of the rear yard space is CT Page 11439 reduced."
(Pleadings, Trial Brief of Plaintiffs, p. 5-6). The plaintiffs argue that its interpretation of the zoning regulations is consistent with the policy behind rear and side yard requirements, namely to promote air flow, provide access to light and create a fire buffer. The plaintiffs also argue that their interpretation of the zoning regulations is consistent with the policy in favor of eliminating nonconforming uses and structures.
The PZC approved the addition to the garage. Implicit in this finding is that a vertical addition does not increase a horizontal encroachment into the yard.
In the absence of contrary Connecticut law on point with this issue, the court finds that the PZC's finding was a reasonable interpretation of its own regulations and was supported by the record.
The record shows that at the PZC's hearing, the specific issue of whether the addition of a second story created a new nonconformity or increased the existing encroachment was raised. The PZC heard testimony and received evidence from all parties to the controversy. concluded that the second story did not create a new nonconformity or increase the existing encroachment. (ROR, Exh. 7). Where the board requires assistance on the statutory construction of the zoning regulations, it may receive and utilize opinions from its counsel. Spero, supra, 444.
The record also shows that the defendant has consistently interpreted the regulations in this manner. (ROR, Exh. 6). While this fact is not dispositive of the issue at hand, it supports the conclusion that the PZC's decision was not arbitrary. Further, the court finds that the zoning regulations specifically allow some alterations of nonconforming structures without requiring the elimination of the nonconformity. Zoning Regulations, 19.2. In contrast, alterations to nonconforming uses are more strictly regulated to promote the elimination of such uses. Zoning Regulations, 19.1. Thus, it is within the PZC's specific authority to approve an addition to a nonconforming structure that does not add to the nonconformity. CT Page 11440
Finally, given the degree and nature of the addition, the PZC's approval does not so offend the policy behind yard requirements as to render the approval unreasonable.
In conclusion, the court finds that the PZC's decision is supported by the record and is hereby affirmed.
Hurley, J.