[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Karen Kovacs and Kenneth Kovacs, are appealing from a decision of the defendant, Zoning Commission of the Town of Brookfield ("Commission"), granting the defendant, Brookfield Investors, petition for a special permit pursuant to General Statutes, Sec. 8-3c and section 242-301C of the Zoning Regulations of the Town of Brookfield. The Commission acted pursuant to General Statutes, Sec. 8-3c(b). The CT Page 367 plaintiffs appeal pursuant to General Statutes, Sec. 8-8(b).
The Commission published notice of its decision in the March 30, 1994 edition of the Danbury News-Times. The plaintiffs properly served the defendants on April 13, 1994 and filed this appeal with the court on April 19, 1994. The Commission filed an answer on July 6, 1994, admitting that it approved the Brookfield Investors application, but denying the plaintiffs' claims that the Commission failed to consider certain factors that were required by law. Brookfield Investors also answered on July 6, 1994 and also denied that the Commission failed to consider all of the factors required by law.
Brookfield Investors submitted an application and project report to the Commission on January 13, 1994. The application was for approval of a plan to construct a family sports center on a 23.8 acre parcel of land in Brookfield. The Inlands Wetland Commission had already sent a letter to the Commission on December 20, 1993, noting its approval of the project. Proper legal notice of a public hearing was published in the Danbury News-Times. A public hearing was held on February 10, 1994. The Commission approved the application subject to several conditions on March 24, 1994. Notice of the decision was published in the Danbury News-Times on March 30, 1994 and on April 12, 1994.
The plaintiffs claim to be aggrieved by the Commission's decision.
"Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an administrative appeal." Light Rigging Co. v. Department of Public Utility Control,219 Conn. 168, 172, 592 A.2d 386 (1991); DiBonaventura v. Zoning Boardof Appeals, 24 Conn. App. 369, 373, 588 A.2d 244 (1991). "[I]n order to have standing to bring an administrative appeal, a person . . . must be aggrieved." New England Rehabilitation Hospital of Hartford. Inc. v.CHHC, 226 Conn. 105, 120, 627 A.2d 1257 (1993). Whether the plaintiffs have been aggrieved is an issue of fact for the trial court to determine.Munhall v. Inland Wetlands Commission, 221 Conn. 46, 54, 602 A.2d 566
(1992).
The test for demonstrating aggrievement is well settled: "`First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.'" Winchester Woods Associates v. Planning ZoningCT Page 368Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991), quoting Nader v.Altermatt, 166 Conn. 43, 51, 347 A.2d 89 (1974). See also First CharterNational Bank v. Ross, 29 Conn. App. 667, 674, 617 A.2d 909 (1992). (Testing for statutory aggrievement.) Unless the plaintiff alleges and proves aggrievement, her case must be dismissed. Smith v.Planning Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987). Only if the plaintiff has established aggrievement can the court proceed to consider the merits of her claim. McNally v. ZoningCommission, 225 Conn. 1, 6, 621 A.2d 279 (1993).
Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement. Smith v. Planning Zoning Board, supra, 321. "[A]ny person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." General Statutes, Sec. 8-8(b). An aggrieved person "includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes, Sec. 8-8(a)(1). "This statute conveys standing on abutting landowners without the necessity of proving some other personal interest in the outcome of the litigation."Aitken v. Zoning Board of Appeals, 18 Conn. App. 195, 198, 557 A.2d 1265
(1989).
In the present case, the plaintiffs are not statutorily aggrieved because they are not owners of land abutting the subject lot or landowners within one hundred feet of the subject lot. A property owner of land that abuts the subject land or is within a radius of one hundred feet of the subject land is statutorily aggrieved and need not prove classical aggrievement. General Statutes, Sec. 8-8(a); Smith v. Planning Zoning Board, supra, 321.
During the court hearing on November 14, 1994, this court heard two witnesses who testified regarding the distance of the plaintiffs' property from Brookfield Investors property. One of the plaintiffs, Karen Kovacs, testified that she had never actually measured the distance between the two properties, but she was fairly certain that the distance was less than one hundred feet. Richard Bunnell, a licensed land surveyor, testified that he surveyed the land and that the distance between the two properties was in excess of one hundred twenty-five feet apart. The court has judged the credibility of the two witnesses and found Bunnell to be a more credible witness. As a result, the court finds that the distance between the two properties is over one hundred twenty-five feet and, therefore, CT Page 369 that the plaintiffs are not statutorily aggrieved.
The plaintiffs are not classically aggrieved. "The factors involved in whether classical aggrievement exists are tempered by the subject matter of the litigation." Zoning Board of Appeals v.Planning Zoning Commission, 27 Conn. App. 297, 300, 605 A.2d 885
(1992). A party has been classically aggrieved if it can show two factors. First, the party claiming aggrievement must demonstrate a personal and legal interest resulting from the decision, which is distinguished from a general interest that concerns all members of the community as a whole. Second, the party must establish that its personal and legal interest has been injuriously affected by the decision. Pomazi v. Conservation Commission, 220 Conn. 476, 482,600 A.2d 320 (1991). "The question of aggrievement is one of fact to be determined by the trial court." Zoning Board of Appeals v.Planning Zoning Commission, supra, 301.
The plaintiffs carry the burden of demonstrating classical aggrievement. Zoning Board v. Planning ZoningCommission, supra, 301. The plaintiffs have not carried that burden here. They have not shown a personal and legal interest in the lawsuit distinguished from the general interest. Their claims of aggrievement are indistinguishable from aggrievement that any member of the general public could claim. The plaintiffs' claims of aggrievement are that the Commission failed to consider traffic safety, bridge traffic, risk of flooding, threat to water quality, impact on the flood plan, failed to consider the public interest, failed to require adequate parking, failed to require a fence of a certain height, and that the Commission exceeded its authority under the Zoning Regulations of the Town of Brookfield.
The plaintiffs made no claim that they were in any way specially affected in a way that a member of the general public was not. Because the plaintiffs have not claimed or shown an interest separate from the general interest, they are not classically aggrieved. Therefore, the plaintiffs' appeal is dismissed.
Stodolink, J.