[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANT'S MOTION TO DISMISS
This is an appeal by the plaintiffs from the decision of the defendant Woodbury Planning and Zoning Commission approving defendant KT Plumb Brook's application for a 25 lot subdivision. The defendants move to dismiss this action as to plaintiffs Mary Ellen Rusnov and James J. Fitzpatrick, alleging that they are not aggrieved within the meaning of General Statutes Sec. 8-8 (b).
The following facts give rise to the defendants' motion. The proposed subdivision is approximately 1/2 mile from plaintiffs' home, located in a portion of Woodbury that is accessible only by a hilly, narrow curving road. Plaintiffs' house is located at approximately the intersection of Plumbrook, Flanders and Old Flanders Road. In order to gain access to the subdivision site, heavy equipment must proceed directly past plaintiff Rusnov's residence. Rusnov has experienced shaking in her house as a result of this heavy equipment. Neighborhood children, including the plaintiff's, are picked up at a school bus stop on the road leading to the proposed subdivision. Because the bus stop is on a curve where the road is especially narrow, the plaintiff is deeply concerned for the safety of her children. Plaintiff and her husband purchased their home because of its location in a secluded rural area. Had they known of the proposed subdivision prior to their purchase, they wound rot have concluded the sale.
A plaintiff seeking to appeal the decision of a land use commission must plead and prove aggrievement. General Statutes Sec. 8-8 (b). Failure to establish aggrievement deprives the court of subject matter jurisdiction to hear and decide the appeal. Goldstein v. Zoning Commission, 157 Conn. 595 (1968). A plaintiff may demonstrate either statutory or classical CT Page 3915 aggrievement. Zoning Board of Appeals v. Planning ZoningCommission, 27 Conn. App. 297, 300-301 (1992). A plaintiff is statutorily aggrieved if she "[owns] land that abuts or is within a radius of one hundred feet of any portion on the land involved in the decision of . . . ." a planning commission. In this case the plaintiff acknowledges that her property is approximately 1/2 mile from the proposed subdivision, far beyond the one hundred foot radius requirement set forth in General Statutes Sec. 8-8
(b). As such plaintiff is not statutorily aggrieved. Id.
Alternatively, plaintiff Rusnov alleges that she has standing as a plaintiff who is "classically" aggrieved. Plaintiff alleges that her "safety and the value of the property would be adversely affected by the subject subdivision." These allegations are insufficient to establish classical aggrievement.
In order to demonstrate classical aggrievement, the plaintiff must show that she has a "specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as the concern of all members of the community as whole [and] that . . . this specific personal and legal interest has been specially and injuriously affected by the decision." Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 295, 307-08 (1991).
The plaintiff may not establish aggrievement by proving "mere generalization and fears." Sheridan v. Planning Board.,159 Conn. 1, 4 (1970). A generalized apprehension of depreciating property values does not support a finding of aggrievement. Puskarz v.Zoning Board of Appeals, 155 Conn. 360 (1967). Likewise, increased traffic and attendant concerns for neighborhood safety are inadequate to establish aggrievement. See, Walls v. Planningand Zoning Commission, 176 Conn. 475, 477 (1979), holding that "concern, fear and apprehension the subdivision approval might result in increased traffic" constituted unsubstantiated fears of the plaintiff that did not establish aggrievement."
Accordingly, because the plaintiffs Mary Ellen Rusnov and James J. Fitzpatrick are not aggrieved, the defendants' motion to dismiss their claims is granted.
SO ORDERED.
Robert L. Holzberg, J. CT Page 3916