[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE PARTIAL RULING ON DEFENDANT WOODBURY PLANNING ZONING COMMISSION'S MOTION TO DISMISS AS TO ROBERT AND PATRICIA FOGLE
The defendants Woodbury Planning Zoning Commission ("Commission") and OG Industries, Inc. ("OG") move to dismiss the appeal of plaintiffs Robert and Patricia Fogle. Together with the Citizens for the Preservation of Woodbury and other individual property owners, the Fogles bring this appeal challenging the Commission's decision to rezone certain property owned by defendant OG. After the required public hearings the Commission voted to rezone 23.54 acres from residential to earth excavation zone and 16 acres from earth excavation to residential zone.
In their written motion to dismiss, the defendants challenge the standing of all plaintiffs to pursue this action. At oral argument, however, the Commission elected to proceed only as against Robert and Patricia Fogle. By agreement of the Commission and the Fogles, the court heard evidence and will rule only on that portion of the motion that alleges that the Fogles are not statutorily aggrieved within the meaning of General Statutes 8-8 (a)(1). The Commission, depending on the court's ruling with respect to this limited claim, reserves its right to pursue its alternative argument that the Fogles are not classically aggrieved by the Commission's decision.
The facts giving rise to the defendant's claim are not disputed. The Fogles reside approximately 3000 feet from the parcel of property that was rezoned from residential to earth excavation zone. The rezoned property is owned by OG and is part of a larger parcel, described as the "southern tier", acquired by OG. OG is also the owner of a parcel CT Page 5730 to the north of the subject property, referred to as the "northern tier". The Fogles' property is within 100 feet of the "northern tier" parcel, but some 3000 feet from the property which was the subject of the Commission's decision to rezone to earth excavation zone.
Based on the foregoing, the Commission alleges in its motion to dismiss that the Fogles are not statutorily aggrieved because the Fogles' residence is more than 100 feet from the subject property. The Fogles counter by arguing that they reside within 100 feet of property owned by OG, albeit not the precise property which was the subject of the Commission's decision.
The principles governing the defendants' claim are well established. General Statutes § 8-8 (a) authorizes a person "aggrieved" by a decision of a land use commission to appeal such decision. The appellant must plead and prove aggrievement. Beckish v. Manafort, 175 Conn. 415
(1978). Statutory aggrievement is conferred on "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board. General Statutes § 8-8
(a)(1). "Thus, pursuant to § 8-8 (a)(1), a person may derive standing to appeal based solely on his status as an abutting landowner or as a landowner within one hundred feet of the subject property. The statute requires only that there be land affected by the decision of the zoning authority, and that the party seeking to appeal owns property abutting that land." Zoning Board of Appeals v. Planning ZoningCommission, 27 Conn. App. 297, 302 (1992).
In this matter, the Fogles acknowledge that they do not reside within one hundred feet of the subject property. Rather they argue that because they reside within one hundred feet of other property owned by OG, they have satisfied their burden of proving statutory aggrievement, even though the property they reference is at least 1000 feet away from the land which is the subject of the Commission's decision. As previously noted, statutory aggrievement is conferred on "any person owning land that abuts or is within a radius of one hundred feet of any portion offthe land involved in the decision of the board" (emphasis supplied). In this case, the "land involved in the decision of the property" is as much as 3000 feet away from the Fogles property and no less than 1000 feet based on defendants' Exhibit 1. The plain meaning of General Statutes § 8-8a compels the conclusion, based on the facts of this case, that the Fogles, whose property is located far in excess of the one hundred feet "of any portion of the land involved in the decision of the board" lack statutory standing to pursue this appeal.
This conclusion is bolstered by the legislative intent of General Statutes § 8-8a. "We conclude that the legislature presumed as a CT Page 5731 matter of common knowledge that persons owning property within close proximity to a projected zoning action would be sufficiently affected by the decision of a zoning agency to be entitled to appeal that decision to court. Giving such right to the narrow class of abutters and those owning property within one hundred feet of the land involved would not unduly enlarge the class of those entitled to appeal such a decision."Caltabiano v. Planning Zoning Commission, 211 Conn. 662, 669 (1989). Plaintiffs' argument that they are aggrieved because they own property within one hundred feet of property owned by the applicant, even though that property is far in excess of one hundred feet from the "land involved in the decision of the board" is inconsistent with both the plain language and purpose of General Statutes § 8-8 (a)(1).
Accordingly, the defendants' motion to dismiss, on the grounds of statutory aggrievement, as to Robert and Patricia Fogles, is granted. The Fogles retain their right to attempt to prove classical aggrievement.
SO ORDERED.
 ___________________, J. ROBERT L. HOLZBERG