[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The defendant, Joyce Jaffee, operates a family day care home on property she owns at 29 Stony Hill Road, Ridgefield.
A family day care home, as defined in § 19a-77 (3) of the General Statutes, is "a private family home caring for not more than six children, including the provider's own children not in school full time, where the children are cared for not less than three nor more than twelve hours during a twenty-four-hour period and where care is given on a [regular] basis. . . ."
Twenty-nine Stony Hill Road consists of 1.55 acres and is located in a RAA (two acre) residential zone.
Because a local zoning authority is prohibited from treating a family day care home in a manner different from single or multifamily dwellings,[1] the Ridgefield zoning authorities cannot prohibit the present use of the property.
The parcel has no frontage on Stony Hill Road. CT Page 15562
Ingress and egress to the public street is over an accessway which joins 29 Stony Hill Road and abutting properties to the public road.
The property has 288.78 feet of frontage along the accessway.
In the spring of 2000, Joyce Jaffee sought to transform her family day care home into a group day care home.
The statutes define a "group day care home" as one "which offers or provides a program of supplementary care to not less than seven nor more than twelve related or unrelated children on a regular basis."[2]
Like family day care homes, group day care homes enjoy a measure of statutory immunity from municipal regulation and control.
Section 8-2 of the General Statutes provides that no municipal regulation "shall prohibit the operation of any family day care home or group day care home in a residential zone."
Although not specifically included within the protections of § 8-3j, group day care homes cannot, as a matter of municipal zoning policy, be excluded from residential zones.
After discussions with the Ridgefield Zoning Enforcement Officer, Richard Baldelli, Joyce Jaffee tendered an application for a special permit to the Ridgefield Planning and Zoning Commission on May 30, 2000.
The special permit application sought permission to conduct a group day care home at 29 Stony Hill Road.
Public hearings were conducted by the Ridgefield Planning and Zoning Commission on June 27, 2000 and July 5, 2000.
The application for a special permit was made pursuant to Section 312.01 of the Ridgefield Zoning Regulations.[3]
Joyce Jaffee paid a fee of $125, the fee required pursuant to Section 312.02(2) of the zoning regulations for a "nonresidential use in residential zone."
The Ridgefield Planning and Zoning Commission has adopted no specific regulations applicable to group day care homes.
The Commission argues that a special permit is required, because a group day care home is an "educational" use pursuant to Section 333.0 of the regulations.[4]
CT Page 15563
On July 11, 2000, the Ridgefield Planning and Zoning Commission voted to deny the application for a special permit, citing three reasons for its action:
 1. The proposed and potential intensity of use for a group daycare home is inappropriate for the surrounding neighborhood.
 2. The Commission is charged with examining all of the particulars regarding the appropriateness of the proposed use; the proposed business use of the property may exert a detrimental effect on the privacy and value of nearby properties.
 3. The intensity of the traffic to be generated on the private accessway may be detrimental to the surrounding neighborhood and the value of the properties.
 Notice of the decision was published in The Ridgefield Press on July 20, 2000.
In an application dated August 2, 2000, and received on August 4, 2000, Joyce Jaffee appealed the denial of the special permit to the Ridgefield Zoning Board of Appeals.
The Zoning Board of Appeals held public hearings on September 25, 2000, October 16. 2000, and November 20, 2000.
Counsel for the Ridgefield Planning and Zoning Commission argued that the Ridgefield Zoning Board of Appeals had no jurisdiction to hear the appeal because it was not brought in a timely manner, and that the Zoning Board of Appeals had no authority to review a Planning and Zoning Commission decision regarding the issuance or denial of a special permit.
Counsel claimed that the Ridgefield Zoning Board of Appeals had adopted a rule requiring that an appeal to the Board be filed within fifteen days "from the date of the action being appealed."
The local rule, he contended, is expressly authorized by § 8-7 of the General Statutes,[5] and the July 11 action of the Commission was more than fifteen days prior to the initiation of the appeal by Joyce Jaffee.
On December 4, 2000, the Ridgefield Zoning Board of Appeals voted unanimously (5-0) to sustain Joyce Jaffee's appeal. CT Page 15564
In voting to sustain the appeal, the Zoning Board of Appeals made specific findings:
(a) The appeal by Joyce Jaffee was taken in a timely manner.
(b) The Zoning Board of Appeals has jurisdiction to hear an appeal from a decision of the Ridgefield Planning and Zoning Commission concerning a special permit application.
(c) The decision of the Ridgefield Planning and Zoning Commission was reversed, since no special permit to operate a group day care home was required by the Ridgefield Zoning Regulations (ROR Exhibit IX, p. 726).
The decision of the Ridgefield Zoning Board of Appeals was published on December 7, 2000 in The Ridgefield Press.
The Ridgefield Planning and Zoning Commission brings this appeal from the action of the Ridgefield Zoning Board of Appeals.
Joyce Jaffee is also named as a defendant.
The Commission, in its appeal, contends:
1. The Ridgefield Zoning Board of Appeals has no jurisdiction to hear an appeal of the special permit decision concerning Joyce Jaffee.
2. Joyce Jaffee did not bring her appeal in a timely manner.
3. The action of the Ridgefield Zoning Board of Appeals was arbitrary, capricious, and illegally substituted the decision of the appeals board for that of the Ridgefield Planning and Zoning Commission.
The Commission also argues that the finding by the Ridgefield Zoning Board of Appeals that a group day care home is not an "educational" use of the property, improperly substituted the judgment of the Zoning Board of Appeals for that of the Commission, in violation of General Statutes § 8-2.
 AGGRIEVEMENT
The plaintiff, Ridgefield Planning and Zoning Commission, claims to be aggrieved by the decision of the Ridgefield Zoning Board of Appeals.
No claim is made that the Commission or any of its individual members are statutorily aggrieved pursuant to § 8-8 (1) of the General Statutes.[6]
CT Page 15565
Any such claim would be irrelevant, because it is the commission as a separate entity which claims aggrievement, not members of the commission in their individual capacity. Zoning Board of Appeals v. Planning Zoning Commission, 27 Conn. App. 297, 302 (1992).
Therefore, the Commission must satisfy the well-established test for classical aggrievement.
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505, 508 (1968).
A party claiming to be classically aggrieved must satisfy a two-fold test: (1) the party must demonstrate a specific personal and legal interest in the decision appealed from, as distinct from a general interest such as concern of all members of the community as a whole, and (2) the party must show that the specific personal interest has been specifically and injuriously affected. Primerica v. Planning ZoningCommission, 211 Conn. 85, 93 (1989); Hall v. Planning Commission,181 Conn. 442, 444 (1980).
The Commission has a specific personal and legal interest in the subject matter of the Board's action — its ability to grant or deny a special permit request without subjecting its decision to review by the Zoning Board of Appeals.
Furthermore, the Commission's decision was the subject matter of Joyce Jaffee's appeal to the Zoning Board of Appeals.
The decision of the Ridgefield Zoning Board of Appeals has specifically and injuriously affected the Commission's interest, thus satisfying the second prong of the classical aggrievement test.
It is, therefore, found that the Ridgefield Planning and Zoning Commission is classically aggrieved by the decision of the Ridgefield Zoning Board of Appeals.
 THE RIDGEFIELD ZONING BOARD OF APPEALS HAD NO JURISDICTION TO HEAR AND DECIDE AN APPEAL FROM THE DENIAL OF A SPECIAL PERMIT APPLICATION
The powers of a municipal zoning board of appeals are set forth in § 8-6 (a) of the General Statutes. CT Page 15566
That section reads, in relevant part: "The zoning board of appeals shall have the following powers and duties: (1) to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulation adopted under the provisions of this chapter; (2) to hear and decide all matters including special exceptions and special exemptions under section 8-2g upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation. . . ."
The Ridgefield Zoning Regulations, Section 700.00A, includes the following language, which tracks § 8-6 (a).
Section 700.00A provides:
 Pursuant to the authority granted by Section 8-6 of the Connecticut General Statutes, the zoning board of appeals shall have the following powers and duties:
 (1) To hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the official charged with the enforcement of this chapter or any bylaw, ordinance or regulations adopted under the provisions of Chapter 124 of the Connecticut General Statutes;
 (2) To hear and decide all matters, including special exceptions upon which it is required to pass by the specific terms of the zoning bylaw, ordinance or regulation. . . ."
No provision of the Ridgefield Zoning Regulations permits the Zoning Board of Appeals to grant a special exception or special permit.
That power, pursuant to Section 312.01 of the regulations, is vested in the Planning and Zoning Commission.
The regulations also provide for the appointment of a zoning enforcement officer by the Planning and Zoning Commission.[7]
The Planning and Zoning Commission has designated Richard Baldelli as its zoning enforcement officer.
The Zoning Board of Appeals argues that it has jurisdiction to hear the appeal of Joyce Jaffee, based on the Ridgefield Zoning Regulations and the holding in Conto v. Zoning Commission, 186 Conn. 106 (1982). CT Page 15567
The Board also contends that it has jurisdiction, because the denial by the Planning and Zoning Commission of the special permit application is an enforcement action from which an appeal to the Ridgefield Zoning Board of Appeals will lie.
Their arguments are not persuasive.
Conto concerned an appeal to the zoning board of appeals following a decision by the zoning commission of the Town of Washington approving a permit to change the use of an existing building.
The court concluded that the commission was acting as the enforcing agency when issuing the permit, and that appeal to the zoning board of appeals was an available remedy.
The Washington regulation provided that the zoning board of appeals had power "to hear and decide appeals where it is alleged that there is an error in any order made by the zoning commission, or its enforcement officer." Conto v. Zoning Commission, supra, 113.
The Ridgefield regulation, Section 700.00A (1), provides for appeal from "the official charged with the enforcement of this chapter."
No right of appeal is provided from an action of the zoning commission where a zoning enforcement official has been appointed.
The Conto appeal involved the issuance by the commission of a change of use permit, while the action appealed here was the denial of a special permit.
The Conto court specifically recognized that the commission's action did not involve the exercise of discretion such as was involved in a decision concerning a special permit. Conto v. Zoning Commission, supra, 112.
Conto was followed by Castellon v. Board of Zoning Appeals, 221 Conn. 374
(1992), which concerned an appeal from a trial court ruling that the Branford Zoning Board of Appeals had jurisdiction to entertain an appeal from the planning and zoning commission.
In limiting the scope of Conto, the court declared that the existence of a remedy by way of appeal to the zoning board of appeals depended upon two factors discussed in Conto: (1) the finding that the local zoning ordinance vested enforcement power in the commission itself, rather than in a zoning enforcement officer, and (2) the language in Conto
authorizing appeal from "an error in any order or decision made by the CT Page 15568 Zoning Commission or its Enforcement Officer." Castellon v. Board ofZoning Appeals, supra, 380.
The Branford regulations examined in Castellon, like the Ridgefield regulations, provided for the appointment of a zoning enforcement officer and did not provide for an intermediate appeal between the decision of the planning and zoning commission and appeal to the Superior Court.Castellon v. Board of Zoning Appeals, supra, 381.
Two Appellate Court cases, based upon a reading of local regulations, have upheld appeals from a planning and zoning commission to a zoning board of appeals regarding site plan decisions. Leo Fedus SonsConstruction Co. v. Zoning Board of Appeals, 27 Conn. App. 412 (1992);Borden v. Planning Zoning Commission, 58 Conn. App. 399 (2000).
Both cases held that the planning and zoning commission s decision concerning a site plan application was an "enforcement" action.
In Borden, the decision turned on the commission's lack of independent discretion in determining whether the application complied with all site plan and zoning regulations. Borden v. Planning Zoning Commission,
supra, 408. (See also Allied Plywood, Inc. v. Planning ZoningCommission, 2 Conn. App. 506, 512 (1984).)
A planning and zoning commission sits in an administrative capacity when acting upon a special permit or special exception request. A.P.W. HoldingCorporation v. Planning Zoning Board, 167 Conn. 182, 184-85 (1974).
However, the special permit process is discretionary and not purely ministerial. General conditions such as public health, safety and welfare, which are enumerated in the zoning regulations, may be considered, and form the basis for the denial of an application. Irwinv. Planning Zoning Commission, 244 Conn. 619, 626-27 (1998). Before a zoning commission can determine whether a specially permitted use is compatible with uses permitted as of right, it is required to judge whether concerns such as parking or traffic congestion would adversely affect or impact the surrounding neighborhood. Barberino v. Realty Development Corp. v. Planning Zoning Commission, 222 Conn. 607, 613
(1992).
Connecticut courts have never held that a zoning commission lacks the ability to exercise discretion to determine whether general standards in the zoning regulations have been met in the special permit process.Connecticut Health Facilities, Inc. v. Zoning Board of Appeals,29 Conn. App. 1, 6 (1992). CT Page 15569
The reasons provided by the Ridgefield Planning and Zoning Commission in support of its denial of the special permit application attest to the exercise of discretion.
A decision concerning a special permit application is not an enforcement action and is, therefore, not appealable to the zoning board of appeals.
The defendant, Ridgefield Zoning Board of Appeals, had no jurisdiction under either the General Statutes or the applicable municipal regulations to hear an appeal from the denial of a special permit application.
The proper recourse for the defendant, Joyce Jaffee, is an appeal pursuant to § 8-8 (b) of the General Statutes.[8]
 ISSUES NOT DECIDED
In sustaining the appeal of the Ridgefield Planning and Zoning Commission, the court does not, explicitly or implicitly, find that resort to Ridgefield's special permit process is appropriate where a group day care home is concerned.
The court does not wish to be understood as sanctioning, condoning, or justifying the Commission's attempt to shoehorn Joyce Jaffee's group day care home proposal into the "educational" use provision of the special permit process.
Contrary to the reasons advanced in support of the Commission's decision, the fee extracted from Joyce Jaffee, and the comments of vocal Commission members, a group day care home does not constitute a "business use of property" which is incompatible with a residential zone.
Perhaps cognizant of a critical need for available, affordable day care facilities in an age of two income families, the General Assembly does not permit a zoning regulation to prohibit group day care homes in residential zones.
Group day care homes, subject to reasonable regulations which have not been adopted by the Town of Ridgefield, are, therefore, permitted in residential zones pursuant to the explicit provisions of § 8-2 of the General Statutes.
The designation of a particular use of property, as permitted, establishes a conclusive presumption that such use does not adversely affect the district, and precludes further inquiry into the effect on traffic, municipal services, property values, or the general harmony of the district. TLC Development, Inc. v. Planning Zoning Commission,
CT Page 15570215 Conn. 527, 532-33 (1990); Sowin Associates v. Planning ZoningCommission, 23 Conn. App. 370, 375 (1990).
The appeal of the plaintiff, Ridgefield Planning and Zoning Commission, is sustained.
Radcliffe, J.