[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff planning and zoning commission of the town of East CT Page 6709 Hartford appeals the decision of the defendant zoning board of appeals of the town granting a variance of the zoning regulations to defendant Gary Ballard. The defendant board acted pursuant to Conn. Gen. Stats. sec. 8-6. The plaintiff commission appeals pursuant to sec. 8-8. The court finds that the plaintiff is not aggrieved and is not entitled, therefore, to maintain the appeal.
The facts essential to the court's decision are reflected in the record and in the pleadings of the parties. Defendant Ballard applied to the defendant board for a variance of zoning regulations establishing lot size, lot frontage, and parking in order to expand his business on the property in question. He did this only because he believed or was told that the expansion he desired would violate the regulations as written. There is no indication that the plaintiff commission or the zoning enforcement officer had issued any orders with respect to the property prior to Ballard's application for the variance. .
The board held a hearing at which Ballard through his attorney presented the application and answered questions. Also present at the hearing was the town's Inspections Permits Director, Don Vigneau. The record does not indicate what Vigneau's responsibilities are, nor does it indicate what town agency he represents. The transcript of the hearing does indicate that Vigneau acted in an advisory capacity to the defendant board during the hearing. The record also indicates that another individual is the town's zoning enforcement officer. He was not present at the hearing, however.
The commission's complaint on appeal and its brief to this court assert that the commission is "duly authorized to enforce the zoning regulations of the town of East Hartford." The defendant board does not appear to dispute this allegation, and the court accepts it as fact for the purposes of this decision.
Following the hearing, the board voted to grant Ballard's application for a variance of the regulations in question. It is that decision which is the subject of this appeal.
Pleading and proof that the plaintiff is legally aggrieved within the meaning of Conn. Gen. Stats. sec. 8-8 (a)(1) is a prerequisite to this court's jurisdiction over the appeal. Munhall v. Inland WetlandsCommission, 221 Conn. 46, 50 (1992). That statute, as it applies to this case, reads as follows: "Aggrieved person means a person aggrieved by a decision of a board and includes any . . . board . . . charged with the enforcement of any order, requirement or decision of the board. ." The term "board" is defined to include a combined planning and zoning commission such as the plaintiff in this case and also a zoning board of CT Page 6710 appeals such as the defendant in this case. Sec. 8-8 (a)(2).
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Citations and internal quotation marks omitted.) Munhall v. Inland WetlandsCommission, supra, 221 Conn. 51.
Appellate court guidance as to the applicability of these statutory and common law principles and requirements to the facts of this case is regrettably sparse. In Tyler v. Board of Zoning Appeals, 145 Conn. 655
(1958), the zoning commission was not charged with enforcement of the zoning regulations. Nevertheless, it appealed a decision of the defendant board of zoning appeals which had granted a variance to an individual property owner. The Supreme Court determined that the commission was not aggrieved by the decision of the board, citing Rommell v. Walsh,127 Conn. 16, 23; and holding that there "is no sanction, however, in the Rommell decision, supra, for a zoning commission to take an appeal where a ruling or order of its own is not in issue." (Emphasis added.) It is noteworthy that the court did not explicitly base its holding merely on the fact that the commission was not the town agency charged with enforcement of the zoning regulations, but rather based it on the fact that the board's decision did not concern a specific order of the commission.
In Zoning Board of Appeals v. Planning Zoning Commission,27 Conn. App. 297 (1992), cited by the plaintiff in this case, the Wallingford zoning board of appeals appealed the action of the defendant commission of that town in amending the zoning regulations so as to curtail the power of the board to grant variances. The Appellate Court held that the board was "classically aggrieved. The board has a specific, personal and legal interest in the subject matter of the commission's amendment — the right to grant use variances within the town. Moreover, this specific, personal and legal interest was specially and injuriously affected by the decision." Id., 302-303. Plainly, that Wallingford case is distinguishable from the present case. Here, the action of the defendant board had no effect on the rights or powers of the plaintiff commission; it merely granted a variance of the regulations in favor of an individual property owner, which is, of course, within its statutory mandate. Conn. Gen. Stats. sec. 8-6. CT Page 6711
The plaintiff also cites Bouvier v. Zoning Board of Appeals,28 Conn. Sup. 278, a 1969 Court of Common Pleas decision. In that case, the facts were nearly identical to those in the present case. The defendant board had granted a variance of the zoning regulations to an individual property owner, and the plaintiff in his capacity as agent of the planning and zoning commission appealed the board's decision to the court of Common Pleas. The court found that the commission was legally charged with the enforcement of the zoning regulations and, on that basis, determined that the plaintiff, acting in behalf of the commission, "patently" had the right to appeal. In so holding, the court attempted to distinguish the holding in Tyler v. Board of ZoningAppeals, supra, 145 Conn. 655, stating that the Tyler court based its decision denying aggrievement on the fact that the zoning commission in that case was not the agency responsible for enforcing zoning regulations. Bouvier v. ZBA, supra, 28 Conn. Sup. 285.
In this court's view, the Court of Common Pleas in Bouvier misconstrued the holding of the Supreme Court in Tyler. As noted, the Bouvier court focused on the fact that the zoning commission in Tyler was not vested with overall authority to enforce the zoning regulations. It then made the leap to conclude that this was the basis of the determination that the commission was not aggrieved by the ZBA's variance of the regulations. In so doing, however, the Bouvier court ignored the Tyler
court's explicit statement of the basis of its decision, which in effect is much narrower. The "zoning commission (may not) take an appeal where a ruling or order of its own is not in issue." Tyler v. ZBA, supra, 659.
Restricting aggrievement to situations where the zoning board of appeals has overruled a specific order or ruling of the zoning commission is grounded in good sense and good government. Many if not all zoning commissions are charged with overall enforcement powers. If the Bouvier
rule were followed, therefore, virtually all variances granted by zoning boards of appeal would be vulnerable to court challenge by zoning commissions based on nothing more than disagreement with the ZBAs' discharge of their own statutory duties. Such a rule would give inadequate recognition of the separate and independent powers of the zoning boards of appeal under Conn. Gen. Stats. sec. 8-6. It would also be "a practice which is costly and often embarrassing to the municipality where one board sues another." R.A. Fuller, Land Use Law and Practice (2nd Ed.), Vol. 9A Conn. Practice Series, Sec. 32.4, p. 104. Unless the decision by the board injuriously affects a specific, personal and legal interest of the commission, therefore, the better rule is that the commission is not aggrieved. Tyler v. ZBA, supra, 145 Conn. 659; ZBA v.PZ Commission, supra, 27 Conn. App. 302-303; R.A Fuller, Land Use Law and Practice, supra, p. 104. This requirement is not satisfied merely by proof that the commission has overall enforcement authority. CT Page 6712
In the present case, the plaintiff commission has pleaded and proved only that it has overall power to enforce the zoning regulations. There is no evidence and the commission does not claim that the defendant board's action overruled or otherwise interfered with any specific order or ruling by the commission or any agent of the commission. The court concludes, therefore, that the plaintiff is not legally aggrieved by the board's decision. Accordingly, the court lacks jurisdiction over the subject matter of the plaintiffs appeal.
The appeal is dismissed.
Maloney, J.